**In re K.S.L.-C., A Child.**

**No. 12–02–00366–CV.**

Court of Appeals of Texas, Tyler.

May 21, 2003.

Russell P. Brooks, Greenville, for appellant.

Coye Conner Jr., Conner Gillen Yarbrough & Anderson, P.C., Deborah J. Race, Ireland Carroll & Kelley, P.C., Tyler, for appellee.

Panel consisted of WORTHEN, C.J. and GRIFFITH, J.

## OPINION

JAMES T. WORTHEN, Chief Justice.

Appellant Dan Compton ("Dan") appeals a protective order granted on September 9, 2002 pursuant to Chapter 85 of the Texas Family Code. Appellee Vicki Compton ("Vicki") has filed a motion to dismiss the appeal, contending that a protective order entered while a divorce is pending is not a final appealable order. We grant the motion and dismiss the appeal for want of jurisdiction.

### BACKGROUND

On August 21, 2002, Vicki petitioned the County Court at Law No. 2 in Smith County, Texas for a protective order pursuant to Chapter 85 of the Texas Family Code. On September 9, 2002, following a hearing, the trial court granted Vicki's petition. The protective order (the "order") entered by the court includes a finding that family violence had occurred and was likely to occur in the future. TEX. FAM. CODE ANN. § 85.001 (Vernon 2002). Additionally, the order prohibits Dan from (1) committing family violence; (2) removing the couple's minor child, K.S.L.-C., from Vicki's possession; (3) communicating directly with Vicki or K.S.L.-C. in a threat-ening or harassing manner; (4) communicating a threat through any person to Vicki or K.S.L.-C.; (5) communicating with Vicki or K.S.L.-C. except through Vicki's attorney; (6) going near or to the residences or places of employment or business of Vicki or K.S.L.-C.; (7) going near or to the residences, child care facilities or schools where K.S.L.-C. can be found; (8) engaging in conduct toward Vicki or K.S.L.-C. that is likely to harass, annoy, alarm, abuse, torment, or embarrass them; (9) transferring, encumbering or disposing of mutually owned or leased property except in the ordinary course of business; and (10) possessing a firearm or ammunition. The order also requires Dan to attend a battering intervention and prevention program and expressly suspends his license to carry a concealed handgun. Other provisions of the order relate to possession, child support, and the payment of costs and expenses. Dan appealed the order after a subsequent modification and the entry of an order of enforcement and contempt.

On May 6, 2003, Vicki filed a motion to dismiss this appeal. In her motion, she contends that a protective order entered while a divorce is pending is not a final appealable order and therefore this court does not have jurisdiction to consider the merits of Dan's appeal. Specifically, Vicki contends that the protective order does not dispose of all parties and issues because no final decree of divorce has been entered. Dan, on the other hand, contends that a protective order entered during the pendency of a divorce proceeding, in a court other than where the divorce is pending, is a final appealable order.

### ANALYSIS

Appellate courts have jurisdiction over appeals from final judgments and specific types of interlocutory orders des-

ignated by the legislature as appealable. *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex.2001); *see, e.g.,* Tex. Civ. Prac. & Rem.Code Ann. § 51.014 (Vernon Supp.2003). A judgment is final and appealable if it disposes of all parties and all issues. *Lehmann,* 39 S.W.3d at 195. An order that does not dispose of all parties and all issues in the case must be classified, for purposes of appeal, as an unappealable interlocutory order. *Ruiz v. Ruiz,* 946 S.W.2d 123, 124 (Tex.App.-El Paso 1997, no pet.). Without affirmative statutory authority to hear an interlocutory appeal, this court is without jurisdiction. *Id.*

A number of appellate courts have considered whether a family violence protective order is a final appealable order and have reached differing conclusions on the issue. However, we find only two cases in which the challenged protective order was entered during the pendency of a divorce proceeding rather than in an independent action where the court's order disposed of all issues between the parties. In *Ruiz v. Ruiz,* a divorce proceeding was consolidated with a pending protective order proceeding. The court subsequently granted a protective order, which was appealed. After concluding that an order appointing a receiver was the only type of temporary order that would be appealable under the facts presented, the court dismissed the appeal for lack of jurisdiction. *Ruiz,* 946 S.W.2d at 124. In the case at hand, the protective order and the divorce action have not been consolidated. Therefore, *Ruiz* is factually distinguishable.

The Austin court of appeals has considered whether a family violence protective order is a final appealable order where the protective order is issued by one court and a divorce proceeding is pending in another. *Bilyeu v. Bilyeu,* 86 S.W.3d 278 (Tex.App.-Austin 2002, no pet.). In addressing the issue, the court discussed the Family Code provisions dealing with protective orders generally, as well as other courts' determinations of whether these orders are appealable. *Id.* at 280–81. The court also noted that, in *Ruiz,* the pending divorce proceeding and the protective order proceeding had been consolidated prior to the entry of the challenged order. *Id.* However, the court concluded that factual distinction made no difference in the analysis. *Id.*

Relying on *Ruiz,* the court reasoned that under the Family Code's statutory scheme for protective orders rendered during the pendency of a divorce proceeding, either the court that renders the protective order or the court to which the protective order may be transferred has the power to modify the terms and conditions of the order throughout its existence. *Id.*; Tex. Fam.Code Ann. §§ 85.065(c), 87.001 (Vernon 2002). However, unlike other modification actions in the family law context, motions to modify protective orders have not been legislatively designated as "new suits," thereby making the original orders and the modification orders final and appealable. *Id.* Further, neither the Texas Supreme Court nor the legislature has declared that protective orders entered during the pendency of a divorce are final appealable orders. Therefore, the Austin court held that a protective order rendered during the pendency of a divorce is not a final judgment for purposes of appeal. *Id.* at 282.

We agree with the reasoning in *Bilyeu.* Consequently, we hold that the protective order Dan seeks to appeal is not a final appealable order. Therefore, we are without jurisdiction to review the order. Accordingly, Vicki's motion to dismiss the appeal for want of jurisdiction is granted,

and the appeal is *dismissed* for want of jurisdiction.