**In re Vicki Lynn COMPTON.**

No. 06–03–00122–CV.

Court of Appeals of Texas, Texarkana.

Submitted Sept. 30, 2003.

Decided Oct. 1, 2003.

Deborah J. Race, Ireland, Carroll & Kelley, PC, Tyler, for relator.

Russell Brooks, Greenville, for real party in interest.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Justice CARTER.

Vicki Lynn Compton has filed a petition for writ of mandamus in which she asks this Court to issue an order to the 354th Judicial District Court of Hunt County prohibiting the retrial of issues that had already been established by a protective order issued by the County Court at Law No. 2 of Smith County. The information provided to this Court indicates Vicki Compton sought and was granted a protective order by the County Court at Law No. 2 of Smith County on September 9, 2002. The order was entered during the marriage of Vicki and Dan Compton.[1] The court found that family violence had occurred and (among other things) ordered Dan to stay away from the child and from Vicki and gave her exclusive possession of the child. A form of visitation was provided at a supervised location under specified conditions.

It also appears, from language found within the protective order, that the divorce was pending in the 354th Judicial District Court of Hunt County at the time the protective order was granted. Dan appealed from the issuance of the protective order, but the Tyler Court of Appeals dismissed his appeal, reasoning it was not final and appealable.[2]

At this point, approximately a year's duration remains on the protective order before it expires. The divorce proceeding remains pending and is presently set for jury selection and trial on October 6. That is the circumstance that has initiated this petition. Vicki filed a motion asking the district court to grant a plea of collateral estoppel to prevent the district court from considering the matters addressed by the county court in its protective order. The motion was denied.

**The Mandamus Proceeding.**

The protective order suit remains in the Smith County Court at Law, which has not transferred the order to the 354th Judicial District Court. Vicki now asks this Court to issue an order prohibiting the 354th Judicial District Court from retrying those issues and prohibiting that court from entering orders in conflict with the Smith County protective order for the duration of that order.

Mandamus issues only when the mandamus record establishes (1) a clear abuse of discretion or the violation of a duty imposed by law, and (2) the absence of a clear and adequate remedy at law. *Cantu v. Longoria*, 878 S.W.2d 131 (Tex. 1994); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex.1992). Mandamus is an extraordinary remedy that will issue only to

---

1. The child was born to Vicki Compton in 1999. Dan Compton was found to be the father in a paternity action, and they married in May 2001. They separated in August 2002, and Dan filed for divorce in Hunt County on August 12, 2002.

2. *In re K.S.L.-C*, 109 S.W.3d 577 (Tex.App.-Tyler 2003, no pet.).

correct a clear abuse of discretion or, in the absence of another statutory remedy, when the trial court fails to observe a mandatory statutory provision conferring a right or forbidding a particular action. *Abor v. Black,* 695 S.W.2d 564, 567 (Tex. 1985) (orig.proceeding).

Mandamus may issue even on questions of first impression if, as a matter of law, the trial court erred in its analysis and reached an erroneous legal conclusion. *Huie v. DeShazo,* 922 S.W.2d 920 (Tex. 1996).

However, in some situations the resolution of a heretofore undecided point of law is more appropriately addressed in the context of an appeal, as opposed to a mandamus proceeding, because an appeal is not an extraordinary proceeding and because we are presented with a more complete record. *See Abor,* 695 S.W.2d at 567.

**Analysis**

The Texas Family Code has several provisions relating to protective orders. It provides that, when a suit for dissolution of marriage or affecting the parent-child relationship is pending, a party to that suit may file for a protective order in (1) the court in which the suit is pending, or (2) in a court in the county where the applicant resides if the applicant resides outside the jurisdiction of the court in which the suit is pending. Tex. Fam.Code Ann. § 85.062 (Vernon 2002). Vicki resides in Smith County and, therefore, her suit for a protective order was brought in a proper venue.

The Code also provides that the court in which the protective order is filed **may** transfer the protective order action to the court in which the divorce or custody suit is pending. Tex. Fam.Code Ann. § 85.064 (Vernon 2002). The provision is not mandatory. It states that the court "may" transfer if that court finds (1) it is in the interest of justice, or (2) for the safety or convenience of a party or a witness. *Id.*

At the present time, two suits are properly on file before different courts in different counties. Both could affect the possession and access to the child. Relator argues this Court should prevent the Hunt County case from going forward as to the conservatorship issue because (1) it would undermine the public policy of putting the welfare of the child first, (2) the Smith County order remains a valid order until it is superseded by a court having jurisdiction to do so, and (3) the right to a jury trial on conservatorship in the divorce proceeding does not prevail over the validity of the protective order. Relator further argues that (4) if there is a conflict between the general right of jury trial and the protective order, the protective order should prevail as it is a specific statute which will prevail over a general one, because (5) the Texas Family Code gives priority to protective orders.

The petition raises many questions, most of which cannot be considered on this petition for writ of mandamus.

The provisions of the Texas Family Code are intended to operate with the primary consideration being the best interests of the child. Clearly, the Smith County order is valid as it has been appealed and the appeal was dismissed. Likewise, the divorce court has continuing jurisdiction of issues, including possession and access. By statute, the Smith County court could transfer the protective order action to the Hunt County court, but the transfer is not mandatory. The El Paso court has correctly stated that "[g]iven these provisions, the Legislature obviously anticipated that a protective order may conflict with a valid pre-existing custody order." *In re Salgado,* 53 S.W.3d 752, 761

(Tex.App.-El Paso 2001, orig. proceeding). That court concluded that the statutory scheme recognized that these two actions might proceed simultaneously. *See* TEX. FAM.CODE ANN. §§ 85.061, 85.062 (Vernon 2002). The court also pointed out that a potential for conflict also exists with TEX. CODE CRIM. PROC. ANN. art. 17.292.[3]

The statutes do provide some mechanisms to attempt to avoid conflicts. A transfer of the protective order to the divorce court is authorized. TEX. FAM. CODE ANN. § 85.064(b). Even if the divorce case is tried, the court must consider the intentional use of abusive physical force by a party against that party's spouse, or any person younger than eighteen years of age committed within two years preceding the filing of the suit in determining managing conservatorship. The court may not appoint a parent as a joint managing conservator if credible evidence is presented of a history or pattern of physical or sexual abuse by the parent. TEX. FAM.CODE ANN. § 153.004(a), (b) (Vernon 2002). The Code states that such evidence shall be considered in determining whether to deny or restrict possession of a child. TEX. FAM.CODE ANN. § 153.004(c) (Vernon 2002). In considering whether abuse has occurred, the court is to consider whether a protective order has been issued.[4]

Regardless of these provisions, a conflicting decision could still occur. In that event, there would be several issues to determine. A temporary ex parte protective order prevails over any other court order under Title 5 to the extent of any conflict between the orders. TEX. FAM. CODE ANN. § 83.005 (Vernon 2002), but the statute is silent as to whether the same applies to an order after the hearing. If so, then the conflict is resolved.

The relator also raised the issue of collateral estoppel with the trial court. Does the fact that issues concerning family violence have already been litigated to a conclusion impact the decision of the divorce court? These are matters that may be raised in considering the judgment to enter and on appeal, if necessary, in resolving a potential conflict between the protective order and the divorce order. We do not believe that the potential for conflicting orders gives this Court the authority to deny the 354th Judicial District Court the right to adjudicate the usual issues in a divorce and suit affecting the parent-child relationship. As the El Paso court stated in *Salgado,* "[w]hile it does not appear that all of the legislative glitches have been resolved satisfactorily, we decline the invitation ... to impose our own solution by legislating from the bench." *Salgado,* 53 S.W.3d at 762. In the event a conflict in the orders develops, we believe there is an adequate remedy by appeal and decline to issue the writ of mandamus.

Because of our disposition of this petition, the accompanying motion for emergency relief is moot, and it is denied.

We deny the petition for writ of mandamus.

---

**3.** The 78th Legislature has now amended that statute to attempt to avoid these conflicts. Act of June 30, 2003, 78th Leg., R.S., ch. 424, 2003 Tex. Sess. Law Serv. 1670–71 (Vernon) (to be codified at TEX.CODE CRIM. PROC. ANN. art. 17.292(f)(1), (2)).

**4.** Act of June 30, 2003, 78th Leg., R.S., ch. 642, 2003 Tex. Sess. Law Serv.2046–47 (Vernon) (to be codified at TEX. FAM.CODE ANN. § 153.004(f)).