COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-014-CV

  
DAVID L. KIEFER                                                                   APPELLANT
 
V.
 
TERRY L. KIEFER                                                                      APPELLEE
  
------------
 
FROM THE 322ND DISTRICT COURT 
OF TARRANT COUNTY
 
------------
 
OPINION
 
------------
        Appellant 
David L. Kiefer attempts to appeal the trial court’s protective order in his 
pending divorce case. We dismiss the appeal for want of jurisdiction.
        On 
January 7, 2004, the trial court entered a family violence protective order. In 
the order, the trial court expressly found that the petition for divorce was 
pending. Appellant filed a notice of appeal on January 12. On February 18, we 
notified appellant of our concern that we lack jurisdiction over this appeal 
because the trial court’s order is not a final judgment and informed appellant 
that the appeal would be dismissed for want of jurisdiction unless appellant or 
any party desiring to continue the appeal filed with the court within ten days a 
response showing grounds for continuing the appeal. We have not received any 
response.
        Generally, 
appellate jurisdiction exists only in cases in which a final judgment has been 
rendered that disposes of all issues and parties in the case. See Jack B. 
Anglin Co. v. Tipps, 842 S.W.2d 266, 268 (Tex. 1992) (orig. proceeding); Houston 
Health Clubs, Inc. v. First Court of Appeals, 722 S.W.2d 692, 693 (Tex. 
1986) (orig. proceeding). The Texas Legislature has, however, authorized the 
appeal of several types of interlocutory orders, none of which is at issue 
here.  See, e.g., Tex. Civ. Prac. & Rem. Code Ann. §§ 15.003, 51.014, 171.098 (Vernon 
Supp. 2004); Tex. Gov’t Code Ann. § 1205.068 (Vernon 2000).[1]  It is fundamental error for an appellate court to 
assume jurisdiction over an interlocutory appeal that is not expressly 
authorized by statute.  See N.Y. Underwriters Ins. Co. v. Sanchez, 
799 S.W.2d 677, 679 (Tex. 1990); Jani-King, Inc. v. Yates, 965 S.W.2d 
665, 666-67 (Tex. App.—Houston [14th Dist.] 1998, no pet.).
        A 
protective order rendered during post-divorce proceedings that disposes of all 
issues and parties in the underlying proceeding is final and appealable. Winsett 
v. Edgar, 22 S.W.3d 509, 509 (Tex. App.—Fort Worth 1999, no pet.). 
However, a protective order rendered during the pendency of the parties’ 
divorce is not a final judgment for purposes of appeal. In re K.S.L.-C., 
109 S.W.3d 577, 579-80 (Tex. App.—Tyler 2003, no pet.); Bilyeu v. Bilyeu, 
86 S.W.3d 278, 282 (Tex. App.—Austin 2002, no pet.).
        Because 
the protective order entered during the pending divorce is neither a final 
judgment nor an appealable interlocutory order, we have no jurisdiction over 
this appeal. Accordingly, we dismiss the appeal for want of jurisdiction. See 
Tex. R. App. P. 42.3(a).


  
                                                          ANNE 
GARDNER
                                                          JUSTICE
   
PANEL D:   GARDNER, 
WALKER, and McCOY, JJ.
 
DELIVERED: March 18, 2004


NOTES
1. 
The Texas Supreme Court has also held that orders related to the sealing of 
court records are final and appealable. See Tex. R. App. P. 76a(8); Jack B. Anglin Co., 842 
S.W.2d at 272 n.13.