11th Court of Appeals
Eastland, Texas
Memorandum Opinion
 
Ricky Smith 
            Appellant
Vs.                  No. 11-04-00023-CV -- Appeal from Gaines County
Rita Smith 
            Appellee
 
            Appellant, Ricky Smith, and appellee, Rita Smith, were divorced in Erath County, on April
30, 2003. They are the parents of one daughter. Rita moved to Gaines County after the divorce. She
filed this application for a protective order in Gaines County under the provisions of the Texas
Family Code. See TEX. FAM. CODE ANN. §§ 71.001 - 87.004 (Vernon 2002 & Supp. 2004 -
2005). Rita alleged that Ricky had committed acts of family violence against her. After hearing
evidence, the trial court entered a family violence protective order pursuant to Chapter 85 of the
Texas Family Code. The trial court made findings that family violence had occurred and was likely
to occur in the future. On appeal, Ricky argues (1) that venue was not proper in Gaines County, (2)
that the trial court lacked jurisdiction to decide this case because Rita filed an application for
protective order involving the same allegations in Erath County before she filed this application in
Gaines County, (3) that the trial court erred in making two evidentiary rulings, and (4) that the
evidence was legally and factually insufficient to support the trial court’s order. We affirm. 
Jurisdiction
            Ricky’s first issue addresses Rita’s contention that we do not have jurisdiction over this
appeal. The State, representing Rita, argues that a family violence protective order issued under
Chapter 85 of the Texas Family Code is not subject to appeal and, therefore, that we do not have
jurisdiction to consider this appeal. 
            In Vongontard v. Tippit, 137 S.W.3d 109, 110 (Tex.App. - Houston [1st Dist.] 2004, no
pet’n), the court explained that a majority of courts considering the issue have concluded that a
protective order is similar to a permanent injunction and is appealable if it disposes of all parties and
issues. The Vongontard court noted that two courts have held that a protective order issued during
a pending divorce proceeding is interlocutory and not appealable. In re K.S.L.-C., 109 S.W.3d 577,
579 (Tex.App. - Tyler 2003, no pet’n); Bilyeu v. Bilyeu, 86 S.W.3d 278, 282 (Tex.App. - Austin
2002, no pet’n). However, in this case, like in Vongontard, the protective order was not issued dur-ing a pending divorce proceeding, and the protective order disposed of all parties and issues. We
agree with the reasoning of Vongontard and the majority of courts and find that the protective order
in this case is appealable.
Venue Issues
            In his second issue, Ricky contends that the trial court lacked jurisdiction to hear Rita’s
application for protective order for two reasons: (1) that venue was not proper in Gaines County
under Section 82.003 of the Texas Family Code and (2) that appellee filed an application for
protective order in Erath County before she filed her application in Gaines County. However, Ricky
did not raise either of these issues in the trial court; therefore, he has waived appellate review of the
issues. See In re Salgado, 53 S.W.3d 752, 762-63 (Tex.App. - El Paso 2001, no pet’n)(failure to
raise venue issue under the Family Code in the trial court waives review of issue on appeal); Wyatt
v. Shaw Plumbing Company, 760 S.W.2d 245, 248 (Tex.1988)(failure to raise dominant jurisdiction
issue in a timely-filed plea in abatement constitutes waiver of the issue). Ricky’s second issue is
overruled.
Evidentiary Rulings
            In his third issue, Ricky complains that the trial court erred in excluding evidence of Rita’s
alleged habit of filing false charges against him or others in response to custody issues involving
their daughter. In his fourth issue, Ricky complains that the trial court erred in admitting Rita’s
medical records over his hearsay objection. We review a trial court’s rulings on admitting or
excluding evidence under an abuse of discretion standard. Horizon/CMS Healthcare Corporation
v. Auld, 34 S.W.3d 887, 906 (Tex.2000); Owens-Corning Fiberglass Corporation v. Malone, 972
S.W.2d 35, 43 (Tex.1998). We may reverse a trial court’s judgment based on an error in the
admission or exclusion of evidence only if we conclude that (1) the trial court did in fact commit
error and (2) the error was reasonably calculated to cause and probably did cause the rendition of an
improper judgment. See TEX.R.APP.P. 44.1(a); Gee v. Liberty Mutual Fire Insurance Company,
765 S.W.2d 394, 396 (Tex.1989); Capital Metropolitan Transportation Authority v. Central of
Tennessee Railway and Navigation Company, Inc., 114 S.W.3d 573, 583 (Tex.App. - Austin 2003,
pet’n den’d). 
            Ricky sought to introduce evidence that Rita had the habit of reacting to custody issues
involving their daughter by filing false charges of physical violence or sexual abuse against him or
other parties. Rita’s counsel objected to the admission of habit evidence, and the trial court excluded
the evidence. TEX.R.EVID. 406 provides as follows:
            Evidence of the habit of a person...whether corroborated or not and regardless
of the presence of eyewitnesses, is relevant to prove that the conduct of the
person...on a particular occasion was in conformity with the habit or routine practice. 
 
To be admissible as habit testimony, the evidence must be of an individual’s “regular response to 
a repeated specific situation.” Compton v. Jay, 389 S.W.2d 639, 642 (Tex.1965); Pacesetter
Corporation v. Barrickman, 885 S.W.2d 256, 262 (Tex.App. - Tyler 1994, no writ). Proof of one
or two isolated incidents of conduct does not meet the test of regularity and frequency to be habit
evidence. Pacesetter Corporation v. Barrickman, supra.
            Ricky did not make an offer of proof of the proposed habit testimony. To challenge
exclusion of evidence by the trial court on appeal, the complaining party must have presented the
excluded evidence to the trial court by offer of proof. Fletcher v. Minnesota Mining and
Manufacturing Company, 57 S.W.3d 602, 606 (Tex.App. - Houston [1st Dist.] 2001, pet’n den’d). 
The failure to make an offer of proof of the excluded witness’s intended testimony waives any
complaint about the exclusion of evidence on appeal. Akin v. Santa Clara Land Company, Ltd., 34
S.W.3d 334, 339 (Tex.App. - San Antonio 2000, pet’n den’d). Without an offer of proof, an
appellate court cannot determine whether the exclusion of evidence was harmful. Perez v. Lopez,
74 S.W.3d 60, 66 (Tex.App. - El Paso 2002, no pet’n). Ricky waived the issue regarding habit
evidence. Ricky’s third issue is overruled.
            Ricky contends that the trial court erred in admitting Rita’s medical records over his hearsay
objection. The medical records established that Rita sought medical treatment at Harris Methodist
Hospital in Stephenville, Texas, on March 23, 2003. At the hospital, Rita stated that she had been
hit by a bar stool by her ex-husband and that she had fallen onto her right side.
            The medical records were cumulative of other testimony. Rita testified that, on March 23,
2003, Ricky assaulted her with a bar stool, that she received bruises as a result of the assault, and that
she went to the hospital after the assault. Rita introduced a number of pictures into evidence
showing the bruises. Sue Ann Vernon testified that she took Rita to the hospital on the day of the
alleged assault. 
            We need not decide whether the trial court erred in admitting the medical records because
the medical records were merely cumulative of other evidence. The erroneous admission of evidence
that is merely cumulative of properly admitted testimony is harmless error. Gee v. Liberty Mutual
Fire Insurance Company, supra at 396; McInnes v. Yamaha Motor Corp. U.S.A., 673 S.W.2d 185,
188 (Tex.1984), cert. den’d, 469 U.S. 1107 (1985). Ricky’s fourth issue is overruled.
Sufficiency of the Evidence
            Section 85.001(b)(1) of the Family Code provides that the trial court shall render a protective
order if it finds (1) that family violence has occurred and (2) that family violence is likely to occur
in the future. Section 71.004 of the Family Code defines “family violence” as follows: 
            (1) an act by a member of a family or household against another member of
the family or household that is intended to result in physical harm, bodily injury,
assault, or sexual assault or that is a threat that reasonably places the member in fear
of imminent physical harm, bodily injury, assault, or sexual assault, but does not
include defensive measures to protect oneself.
 
The trial court made findings that family violence had occurred and was likely to occur in the future. 
In his fifth issue, Ricky argues that the evidence was legally and factually insufficient to support
these findings.
            The standards that apply to a review of jury findings also apply to findings made by the trial
court after a bench trial. Catalina v. Blasdel, 881 S.W.2d 295, 297 (Tex.1994). To review the legal
sufficiency of the evidence, the appellate court must consider all the evidence in the light most
favorable to the prevailing party and must indulge every reasonable inference in favor of the
prevailing party. Associated Indemnity Corporation v. CAT Contracting, Inc., 964 S.W.2d 276,
285-86 (Tex.1998); Merrell Dow Pharmaceuticals, Inc. v. Havner, 953 S.W.2d 706, 711
(Tex.1997), cert. den’d, 523 U.S. 1119 (1998); Harbin v. Seale, 461 S.W.2d 591, 592 (Tex.1970). 
Any evidence supporting the finding that is of probative value that is more than a scintilla is legally
sufficient to uphold the finding. Leitch v. Hornsby, 935 S.W.2d 114, 118 (Tex.1996); see Merrell
Dow Pharmaceuticals, Inc. v. Havner, supra. In order to determine if the evidence is factually
sufficient, we must review all of the evidence and determine whether the challenged finding is so
against the great weight and preponderance of the evidence as to be manifestly unjust. Pool v. Ford
Motor Company, 715 S.W.2d 629 (Tex.1986); In re King’s Estate, 244 S.W.2d 660 (Tex.1951).
            The fact finder, whether a jury or a trial court in a bench trial, is the sole judge of the
credibility of the witnesses and the weight to be given their testimony. Leyva v. Pacheco, 358
S.W.2d 547, 549 (Tex.1962). The fact finder resolves inconsistencies in testimony and may believe
one witness and disbelieve another. McGalliard v. Kuhlmann, 722 S.W.2d 694, 697 (Tex.1986).
            Rita testified about incidents that occurred on January 14, 2003; February 23, 2003; and
March 23, 2003. On January 14, 2003, she was living at the residence that had been the marital
residence. She said that she was living in it pursuant to temporary orders. Rita testified that Ricky
came to the residence to bring their daughter to her. Ricky asked her for some papers, and she
responded “not right now.” She testified that she did not know what Ricky was talking about. She
said that Ricky pushed the door open and pushed her down the hall. She said that Ricky told her that
she would pay and pay dearly for what she had done if she did not give him the papers. She said that
she told Ricky that she did not know what he was talking about and that she was going to call the
police if he did not leave. She said that the January 14 incident was not the first time that Ricky had
pushed his way into the house.
            Rita also testified that, on February 23, 2003, Ricky brought their daughter back to her. She
said that, before Ricky left, he started calling her names. She said that he drove his pickup toward
her and almost hit her. She testified that, as he drove off, Ricky pointed his finger at her and said: 
“I’m going to get you and you’re going to pay for what you’ve done.”
            Rita testified that the March 23, 2003, incident occurred outside of Vernon’s house, which
was next door to Ricky’s house. She said that, on that date, Ricky hit her in the arm and in the
shoulder with a bar stool. She said that she grabbed the bar stool and Ricky then dragged her with
the bar stool. She said that she was screaming and yelling during the incident. She testified that she
received bruises in the incident and that she went to the hospital.
            Rita also testified that, after she moved to Gaines County, Ricky told her that he would get
her anyway that he could and that she would pay dearly. She said that Ricky has threatened to kill
her.
            Margaret Wilson testified that she was in the kitchen of the house during the January 14,
2003, incident. She said that she heard Ricky tell Rita, “I am going to get you; you will pay for this
dearly.” She said that she saw Rita on March 23, 2003. She said that, at that time, Rita was upset,
hysterical, and crying. Rita said that Ricky had attacked her with a bar stool. Margaret also testified
that Rita showed her some bruises on her ribs and her shoulder a day or two later.
            Donna Carlene Bolding testified that she was Rita’s sister. She said that she was present
during the incident in which Ricky almost hit Rita with his pickup. She said that Ricky told Rita that
he was going to get her. She said that Ricky almost hit Rita with the front bumper of his pickup.
            Vernon testified that she was present during the March 23, 2003, incident. Rita was at
Vernon’s house picking up some furniture. Ricky lived next door to Vernon. She said that Ricky
told Rita that he would “pay for a lie detector test for both of us for me to get the rest of my stuff
back.” Vernon said that she took Ricky’s and Rita’s daughter with her, leaving Ricky and Rita
alone. She said that she heard Rita screaming and then went to Rita. Rita told her that Ricky had
pushed her down. She said that she did not see Ricky hit Rita with a bar stool or drag her with it. 
She said that she did not see any bruises on Rita. She was concerned about Rita’s condition and
thought that Rita needed to go to the hospital to be checked out.
            Vernon testified that she had never heard Ricky call Rita any foul names. She said that she
was present during the January 14, 2003, incident. She said that Ricky did not force his way into the
house on that day. She said that she does not think that Ricky called Rita any names on that day. 
She heard Ricky tell Rita, “I am going to get you.”
            Ricky testified that he has never hit Rita or threatened her in any way. He said that he has
never called her any foul names. He said that he did not force his way into the house on January 14,
2003. He said that Vernon let him in the house. He said that he told Rita that she was a liar and a
thief and that he was going to expose her.
            Ricky testified about the March 23, 2003, incident. He said that Rita flopped on the ground
and started yelling “rape.” Rita told him that she was going to call the police. Ricky said that he
went inside his house and waited for the police to arrive. Ricky said that he told the police that, if
Rita had any marks on her, they were self-inflicted. Ricky testified that Rita constantly accuses him
of one thing after another. He said that Rita’s allegations against him are false and frivolous.
            Accepting Rita’s testimony and rejecting Ricky’s testimony, the trial court could have found
that Ricky engaged in family violence against Rita by assaulting her on March 23, 2003. In light of
the March 23, 2003, incident and the testimony that Ricky had stated that he was going to get Rita
and that Rita would pay dearly for what she had done, the trial court may have inferred that Ricky
would likely commit family violence against Rita again. See In re Cummings, 13 S.W.3d 472, 477
(Tex.App. - Corpus Christi 2000, no pet’n). The evidence was legally and factually sufficient to
support the trial court’s findings that Ricky had committed family violence against Rita and was
likely to commit family violence in the future. Ricky’s fifth issue is overruled.
This Court’s Ruling
            The trial court’s order is affirmed. 
 
                                                                                                TERRY McCALL
                                                                                                JUSTICE
 
March 17, 2005
Not designated for publication. See TEX.R.APP.P. 47.2(a).
Panel consists of: Arnot, C.J., and
Wright, J., and McCall, J.