Leo Joseph **HAMEL**, Appellant,

v.

Barbara **HAMEL**, Appellee.

No. 09–04–162 CV.

Court of Appeals of Texas, Beaumont.

Submitted Feb. 10, 2005.

Decided March 24, 2005.

---

James D. Jones, Conroe, for appellant.

Barbara Hamel, Houston, pro se.

Before McKEITHEN, C.J., GAULTNEY and HORTON, JJ.

## OPINION

STEVE McKEITHEN, Chief Justice.

Appellant Leo Joseph Hamel (Leo) appeals the issuance of a family violence protective order by the trial court pursuant to Tex. Fam.Code Ann. §§ 85.001, 85.021, & 85.022 (Vernon 2002). We have no appellate brief from appellee Barbara Hamel (Barbara). Leo raises seven appellate issues for our consideration.

The record indicates that Leo and Barbara are husband and wife and that in September of 2003, a divorce petition was filed in County Court at Law No. 2, Montgomery County, Texas. Thereafter, on January 30, 2004, Barbara filed an application for protective order alleging family violence by Leo. An evidentiary hearing was concluded on February 19, 2004, on Barbara's application and the trial court issued the protective order on February 26, 2004. At some point in time between the issuance of the protective order on February 26, 2004, and Leo's Motion For New Trial, filed on March 23, 2004, the trial court, without explanation, transferred the pending divorce proceeding between Leo and Barbara to County Court at Law No. 4, Montgomery County, Texas. Leo also filed his notice of appeal on March 23, 2004. On June 24, 2004, we notified Leo of our concern that we may lack jurisdiction over this appeal because of the pending divorce proceedings. We asked for a written response to our jurisdictional inquiry and Leo replied citing a number of cases. In a well written and persuasive brief, Leo urges this Court to exercise jurisdiction and issue an opinion ruling on the merits of his appellate issues. However, because we lack jurisdiction, we must dismiss his appeal.

Generally, appellate jurisdiction exists only in cases in which a final judgment has been rendered that disposes of all issues and parties in the case. *See Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex.2001); *Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 272 (Tex.1992) (orig. proceeding). The Texas Legislature has, however, authorized appeal of several types of interlocutory orders, none of which are at issue here. *See, e.g.*, Tex. Civ. Prac. & Rem.Code Ann. §§ 15.003, 51.014, 171.098 (Vernon Supp.2005); Tex. Gov't Code Ann. § 1205.068 (Vernon 2000). It is fundamental error for an appellate court to assume jurisdiction over an interlocutory appeal that is not expressly authorized by

statute. *See N.Y. Underwriters Ins. Co. v. Sanchez,* 799 S.W.2d 677, 679 (Tex.1990).

A family violence protective order may be rendered by the divorce court as part of "temporary orders" issued during the normal course of divorce proceedings. *See* TEX. FAM.CODE ANN. § 6.504 (Vernon 1998). However, because Chapter 6 of the Family Code classifies such an order as "temporary," interlocutory appeal is not permitted. *See* TEX. FAM.CODE ANN. § 6.507 (Vernon 1998). A family violence protective order rendered by a court not having jurisdiction over a pending suit for dissolution of marriage may be transferred by the court that rendered the protective order either "in the interest of justice," or "for the safety or convenience of a party or a witness," to the court having jurisdiction of the pending divorce proceeding. *See* TEX. FAM.CODE ANN. § 85.064(a), (c) (Vernon 2002).

■ In the instant case, the protective order at issue was rendered by the trial court in which the divorce proceeding was pending, although filed and rendered under a separate cause number from that of the divorce proceeding.[1] The protective order at issue was limited in time, and expressly provided that "[t]he terms of this Protective Order should not supercede the terms set forth in the Temporary Orders" in the divorce proceeding. Given this apparent incorporation by reference of the terms of the temporary orders from the divorce proceeding, even though the divorce and protective order proceedings remain separate, we conclude under these facts and circumstances this Court is without jurisdiction to review the protective order because of its distinct lack of finality as to the parties and issues. *See, e.g., In*

*re K.S.L.–C.,* 109 S.W.3d 577, 579–80 (Tex. App.-Tyler 2003, no pet.) (Protective order rendered during the pendency of a divorce held not final judgment for purposes of appeal). Therefore, this appeal is dismissed for lack of jurisdiction.

APPEAL DISMISSED.

---

1. The record reflects that the divorce was filed in County Court at Law No. 2 under cause number "NO. 03–09–06660–CV." Barbara's application for protective order was also filed and rendered in County Court at Law No. 2, but filed under cause number "NO. 04–01–00724–CV."