In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-04-162 CV


____________________



LEO JOSEPH HAMEL, Appellant



V.



BARBARA HAMEL, Appellee






On Appeal from the County Court at Law No. 2


Montgomery County, Texas


Trial Cause No. 04-01-00724-CV






OPINION


 Appellant Leo Joseph Hamel (Leo) appeals the issuance of a family violence
protective order by the trial court pursuant to Tex. Fam. Code Ann. §§ 85.001, 85.021,
& 85.022 (Vernon 2002). We have no appellate brief from appellee Barbara Hamel
(Barbara). Leo raises seven appellate issues for our consideration. 

 The record indicates that Leo and Barbara are husband and wife and that in
September of 2003, a divorce petition was filed in County Court at Law No. 2,
Montgomery County, Texas. Thereafter, on January 30, 2004, Barbara filed an
application for protective order alleging family violence by Leo. An evidentiary hearing
was concluded on February 19, 2004, on Barbara's application and the trial court issued
the protective order on February 26, 2004. At some point in time between the issuance
of the protective order on February 26, 2004, and Leo's Motion For New Trial, filed on
March 23, 2004, the trial court, without explanation, transferred the pending divorce
proceeding between Leo and Barbara to County Court at Law No. 4, Montgomery County,
Texas. Leo also filed his notice of appeal on March 23, 2004. On June 24, 2004, we
notified Leo of our concern that we may lack jurisdiction over this appeal because of the
pending divorce proceedings. We asked for a written response to our jurisdictional inquiry
and Leo replied citing a number of cases. In a well written and persuasive brief, Leo
urges this Court to exercise jurisdiction and issue an opinion ruling on the merits of his
appellate issues. However, because we lack jurisdiction, we must dismiss his appeal.

 Generally, appellate jurisdiction exists only in cases in which a final judgment has
been rendered that disposes of all issues and parties in the case. See Lehmann v. Har-Con
Corp., 39 S.W.3d 191, 195 (Tex. 2001); Jack B. Anglin Co. v. Tipps, 842 S.W.2d 266,
272 (Tex. 1992) (orig. proceeding). The Texas Legislature has, however, authorized
appeal of several types of interlocutory orders, none of which are at issue here. See, e.g.,
Tex. Civ. Prac. & Rem. Code Ann. §§ 15.003, 51.014, 171.098 (Vernon Supp. 2005);
Tex. Gov't Code Ann. § 1205.068 (Vernon 2000). It is fundamental error for an
appellate court to assume jurisdiction over an interlocutory appeal that is not expressly
authorized by statute. See N.Y. Underwriters Ins. Co. v. Sanchez, 799 S.W.2d 677, 679
(Tex. 1990). 

 A family violence protective order may be rendered by the divorce court as part of
"temporary orders" issued during the normal course of divorce proceedings. See Tex.
Fam. Code Ann. § 6.504 (Vernon 1998). However, because Chapter 6 of the Family
Code classifies such an order as "temporary," interlocutory appeal is not permitted. See
Tex. Fam. Code Ann. § 6.507 (Vernon 1998). A family violence protective order
rendered by a court not having jurisdiction over a pending suit for dissolution of marriage
may be transferred by the court that rendered the protective order either "in the interest
of justice," or "for the safety or convenience of a party or a witness," to the court having
jurisdiction of the pending divorce proceeding. See Tex. Fam. Code Ann. § 85.064(a),
(c) (Vernon 2002). 

 In the instant case, the protective order at issue was rendered by the trial court in
which the divorce proceeding was pending, although filed and rendered under a separate
cause number from that of the divorce proceeding. (1) The protective order at issue was
limited in time, and expressly provided that "[t]he terms of this Protective Order should
not supercede the terms set forth in the Temporary Orders" in the divorce proceeding. 
Given this apparent incorporation by reference of the terms of the temporary orders from
the divorce proceeding, even though the divorce and protective order proceedings remain
separate, we conclude under these facts and circumstances this Court is without jurisdiction
to review the protective order because of its distinct lack of finality as to the parties and
issues. See, e.g., In re K.S.L.-C., 109 S.W.3d 577, 579-80 (Tex. App.--Tyler 2003, no
pet.) (Protective order rendered during the pendency of a divorce held not final judgment
for purposes of appeal). Therefore, this appeal is dismissed for lack of jurisdiction. 

 APPEAL DISMISSED.



 _____________________________

 STEVE MCKEITHEN

 Chief Justice



Submitted on February 10, 2005

Opinion Delivered March 24, 2005


Before McKeithen, C.J., Gaultney and Horton, JJ. 
1. The record reflects that the divorce was filed in County Court at Law No. 2 under
cause number "NO. 03-09-06660-CV." Barbara's application for protective order was
also filed and rendered in County Court at Law No. 2, but filed under cause number "NO.
04-01-00724-CV."