# NO. 12-08-00006-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *SUSANA GALVAN THOMPSON,* *APPELLANT* | § | *APPEAL FROM THE 294TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *NICHOLAS ALEXANDER THOMPSON,* *APPELLEE* | § | *VAN ZANDT COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Susana Galvan Thompson filed an application for a protective order seeking protection from her estranged husband, Nicholas Alexander Thompson. The trial court denied Susana's application. In one issue, Susana complains that the trial court erred in finding it lacked jurisdiction over the application. We dismiss this appeal for want of jurisdiction.

### BACKGROUND

Susana and Nicholas are in the process of obtaining a divorce. Susana alleges that Nicholas committed family violence against her during the marriage. A magistrate issued an order for emergency protection prohibiting Nicholas from having contact with Susana and their two minor children. On June 18, 2007, Susana filed an application for a protective order to extend the time period that Nicholas would be enjoined from having contact with Susana and the children. The trial court set the hearing on the application for June 28, but Susana did not appear. The hearing on Susana's application was reset for July 26.

After the July 26 hearing, the trial court found that Susana had not attached a description of Nicholas's future conduct requiring a protective order pursuant to section 82.0085(2) of the Texas

Family Code. Further, the trial court determined that it had not conducted a hearing within fourteen days of the filing of Susana's application pursuant to section 84.001(a) of the Texas Family Code. Thus, the trial court found that it lacked jurisdiction and denied Susana's application. It also ordered mediation prior to the trial or final hearing, made temporary orders regarding custody and possession of the parties' minor children, and ordered that if the parties could not come to an agreement before trial, they must submit to a home study. According to the record, Susana and Nicholas's divorce remains pending. However, the record does not indicate the current trial setting or final hearing. Susana appeals from the trial court's order denying her application.

## JURISDICTION

In her sole issue on appeal, Susana argues that the trial court erred in finding the fourteen day hearing requirement in section 84.001(a) of the Texas Family Code to be jurisdictional. Nicholas contends that we lack jurisdiction to consider Susana's appeal because the trial court's denial of her application was an interlocutory order and thus, not appealable. We agree.

Appellate courts have jurisdiction over appeals from final judgments and specific interlocutory orders designated appealable by the legislature. *In re K.S.L.-C*, 109 S.W.3d 577, 578-79 (Tex. App.–Tyler 2003, no pet.); *see, e.g.,* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a) (Vernon 2008). A judgment is final for purposes of appeal if it disposes of all parties and issues. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *see also Wagner v. Warnasch*, 295 S.W.2d 890, 892 (Tex. 1956) ("To be final a judgment must determine the rights of the parties and dispose of all the issues involved so that no future action by the court will be necessary in order to settle and determine the entire controversy."). If an order does not dispose of all parties and all issues, the order is interlocutory and, generally, not appealable. *In re K.S.L.-C*, 109 S.W.3d at 579. Unless we have specific statutory authority, we lack jurisdiction to hear an interlocutory appeal. *Id*.

Here, Susana seeks review of an order that does not dispose of all parties or all issues. Susana thus requests review of an interlocutory order, rather than a final order. *See Lehmann*, 39 S.W.3d at 195. But the interlocutory order in this case is not the type of order that the legislature has provided specific statutory authority for us to review. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a). Consequently, we are without jurisdiction to review the trial court's order denying

2

Susana's application for a protective order.

## DISPOSITION

Having determined that we lack jurisdiction, we **_dismiss_** Susana's appeal for want of jurisdiction.

__   BRIAN HOYLE   __
Justice

Opinion delivered November 5, 2008.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)