**Affirmed and Majority and Concurring Opinions filed August 31, 2021.**



In The

# Fourteenth Court of Appeals

## NO. 14-19-00618-CV

**ROYCE ALLEN PHILLIPS, Appellant**

**V.**

**ALICIA LUCILE PHILLIPS, Appellee**

**On Appeal from the 280th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2019-17786**

## CONCURRING OPINION

I concur in the judgment and join the majority opinion, but write separately to note the ever-expanding problem of subjecting parties to conflicting orders issued by the protective order court and the court in which a divorce or suit affecting the parent-child relationship (SAPCR) is pending, at times subjecting opposing parties to a finding of contempt for complying with the order of one court while disregarding or violating a conflicting order of the other court. This conflict

also allows one party to in effect circumvent the order of the court in which a divorce or SAPCR is pending by filing a motion and obtaining a protective order in a statutorily created protective order court.

The protective order courts in Harris County were created to allow victims of family violence convenient access to the courts, a necessary and noble purpose. *See* Tex. Gov't Code Ann. § 24.112(h), (i). Family court dockets in Harris County are voluminous and there is a necessity to immediately address family violence to protect children, spouses, and domestic partners. Many studies indicate less than fifty percent of all family violence incidents are reported to police, and that domestic violence is endemic in our society. *See Statewide Prevalence of Intimate Partner Violence*, INSTITUTE ON DOMESTIC VIOLENCE & SEXUAL ASSAULT (June 2011) (noting that more than one-third of adult Texans have personally experienced intimate partner violence); *Civil Protective Orders & Risk of Subsequent Police-Reported Violence*, 288 J. AMER. MED. ASS'N, 589 (2002) (noting that victim is 80% less likely to be victimized after being granted a protective order); *Intimate Partner Violence*, BUREAU OF JUSTICE STATISTICS (May 2000) (noting 198,366 incidents of domestic violence in the 2011 Crime in Texas Report).

If the court in which the divorce or SAPCR proceeding is pending is unavailable, it makes sense for the victim(s) of family violence to file for a protective order in a court that can make factual findings and take immediate action to protect family members. However, in the event of conflicting orders, Title Four, Subtitle B Chapter 82 and 85, confuses, rather than clarifies, which court order should prevail.

The 280th District Court is currently designated as the domestic violence district court for Harris County. *See* Tex. Gov't Code Ann. § 24.457 (identifying 280th as district court for Harris County). Family Code § 85.062 provides:

2

APPLICATION FILED WHILE SUIT FOR DISSOLUTION OF MARRIAGE OR SUIT AFFECTING PARENT-CHILD RELATIONSHIP PENDING.

(a) If a suit for dissolution of a marriage or suit affecting the parent-child relationship is pending, a party to the suit may apply for a protective order against another party to the suit by filing an application:

(1) in the court in which the suit is pending; or

(2) in a court in the county in which the applicant resides if the applicant resides outside the jurisdiction of the court in which the suit is pending.

Tex. Fam. Code Ann. § 85.062(a). The Family Code further mandates that a "person who wishes to apply for a protective order with respect to the person's spouse and who is a party to a suit for the dissolution of a marriage . . . **must** file the application as required by Subchapter D, Chapter 85." *Id.* § 82.005 (emphasis added). Section 85.062 is contained within Subchapter D of Chapter 85.

The combined statutes appear to require the parties to file for a protective order in the court in which a divorce or SAPCR suit is pending ("**must** file the application as required by Subchapter D, Chapter 85"), but Family Code § 85.062(a) provides if a suit for divorce or a SAPCR is pending, "a party to the suit **may** apply for a protective order against another party to the suit by filing an application . . . in the court in which the suit is pending." *Id.* § 85.062. Because all district courts have subject-matter jurisdiction over protective order proceedings, *see* Tex. Const. art. V, § 8; Tex. Gov't Code Ann. §§ 24.007, 24.112(h), (i), 24.951, and specifically, in Harris County, the 280th District Court has jurisdiction over family violence cases, *see* Tex. Gov't Code Ann. §§ 24.112(h), (i) (providing that Harris County shall designate a "domestic violence district court" that gives preference to "domestic violence cases"), 24.457 (identifying 280th as district court for Harris County), the resulting confusion is understandable.

3

Family Code § 85.064 allows for a transfer of a final protective order if the order was rendered before the filing of a SAPCR or while a SAPCR is pending, "and the court that rendered the order may, on the motion of a party or on the court's own motion, transfer the protective order to the court having jurisdiction of the suit if the court makes the finding prescribed by Subsection (c)." *Id.* § 85.064(a). Section 85.064(a) allows the protective order court to transfer a protective order under § 85.064(a) if the protective order court finds that the transfer is: (1) in the interest of justice, or (2) for the safety and convenience of a party or witness. *Id.* § 85.064(c). The provision is not mandatory. *In re Compton*, 117 S.W.3d 548, 550 (Tex. App.—Texarkana 2003, orig. proceeding); *see* Tex. Fam. Code Ann. § 85.064(a). Family Code § 85.009 states that a protective order under Chapter 85 is valid and enforceable, pending action by the court that rendered the order until the order is superseded by another court with jurisdiction over the order. Tex. Fam. Code Ann. § 85.009.

Because the protective order can (and often does) subject both parties to a protective order for two years, the stakes are high. This result provides for the possibility that conflicting orders will allow the parties, who often do not get along, to attempt to use the courts as a weapon to escalate the animosity, length of litigation, cost to the parties, and above all compound the detrimental effects of the proceedings to the children. The failure of the legislature to resolve this conflict is detrimental to the victims of family violence, potentially results in forum shopping, causes confusion for the parties and counsel, and fails to promote judicial economy.

/s/   Margaret "Meg" Poissant
Justice

Panel consists of Justices Spain, Hassan, and Poissant. (Spain, J., majority).

4