**Agustin RUIZ, Appellant,**

v.

**Aida RUIZ, Appellee.**

No. 08–96–00394–CV.

Court of Appeals of Texas, El Paso.

May 1, 1997.

Patrick Bramblett, Rodriguez & Bramblett, El Paso, for appellant.

Ouisa D. Davis, Assistant County Attorney, El Paso, for appellee.

Before BARAJAS, C.J., and LARSEN and CHEW, JJ.

### OPINION DISMISSING APPEAL FOR LACK OF JURISDICTION

PER CURIAM.

This is an attempted appeal from a protective order originally issued pursuant to Texas Family Code, Chapter 71, later consolidated with a divorce between the parties. Because we find a protective order issued in conjunction with a divorce is not a final judgment, we dismiss the appeal for want of jurisdiction.

### FACTS

On April 22, 1996, the El Paso County Attorney's office filed an application for a protective order on behalf of Aida Ruiz against Agustin Ruiz. The trial court granted a temporary *ex parte* protective order on April 23. The temporary order was extended and hearing set for May 21, 1996. On

May 24, Agustin Ruiz filed a divorce petition. At the same time, a temporary restraining order was granted. On May 28, Agustin Ruiz moved to consolidate the application for protective order and the divorce. After a hearing on June 11, 1996, an associate judge denied Aida Ruiz's application for a protective order. This order was appealed to the 383rd Judicial District Court. After a hearing *de novo,* the district judge granted her protective order on August 12, 1996, well after Agustin Ruiz had filed for divorce and moved to consolidate it with the Chapter 71 proceeding. He now attempts to appeal the August 1996 ruling.

### *JURISDICTION*

 Appellate courts generally have jurisdiction over final judgments and such interlocutory orders as the legislature deems appealable. TEX.CIV.PRAC. & REM.CODE ANN. § 51.012 (Vernon 1986) and § 51.014 (Vernon Supp.1996); *Hughey v. Hughey,* 923 S.W.2d 778, 779 (Tex.App.—Tyler 1996, writ denied). A judgment is final and appealable if it disposes of all parties and all issues. *Jobe v. Lapidus,* 874 S.W.2d 764, 765 (Tex. App.—Dallas 1994, writ denied). We conclude that a protective order granted while a divorce action is pending between the same parties is not a final judgment. The order does not dispose of all issues in the case and must be classified, for purposes of appeal, as an unappealable interlocutory order. Without affirmative statutory authority to hear the interlocutory appeal, this court is without jurisdiction. *See Hughey,* 923 S.W.2d at 779.

We are aware that some controversy exists as to whether a protective order issued under Chapter 71 is, or should be, considered a final appealable order. *See Normand v. Fox,* 940 S.W.2d 401 (Tex.App.—Waco 1997, n.w.h.)(Vance, J. dissenting).[1] We need not reach the merits of that controversy here, however, as the protective order before us is not an independent action where the court's order disposed of all issues between the parties. This protective order, issued after the petition for divorce was filed, is governed by

TEX.FAM.CODE ANN. § 71.06(a)(Vernon 1996), which requires that protective orders be issued under TEX.FAM.CODE ANN. § 3.581 if a divorce is pending. The original protective order has thus been consolidated with the parties' divorce action, which includes issues of child custody, support, and property division. Under Section 3.58(g), the only type of appealable temporary order in this situation is one appointing a receiver. TEX.FAM.CODE ANN. § 3.58(g)(Vernon 1993). We therefore must conclude that this protective order is not appealable. Absent action by the legislature, the method for seeking review of a protective order entered during pendency of a divorce is mandamus.

On February 6, this court gave the parties notice of our intent to dismiss the appeal for lack of jurisdiction unless any party showed grounds for continuing the appeal within ten days, pursuant to our authority under TEX. R.APP.P. 60(a)(2). We conclude that we lack jurisdiction, and therefore dismiss the appeal.

---

1. We agree with the Waco Court that a legislative provision allowing for accelerated appeal of Chapter 71 protective orders would resolve the problem of non-reviewability inherent in these actions.