NO. 12-02-00366-CV



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS





§
 APPEAL FROM THE 



IN RE: K.S.L.-C., A CHILD
§
 COUNTY COURT AT LAW NO. 2 OF



§
 SMITH COUNTY, TEXAS







OPINION


 Appellant Dan Compton ("Dan") appeals a protective order granted on September 9, 2002
pursuant to Chapter 85 of the Texas Family Code. Appellee Vicki Compton ("Vicki") has filed a
motion to dismiss the appeal, contending that a protective order entered while a divorce is pending
is not a final appealable order. We grant the motion and dismiss the appeal for want of jurisdiction.


Background


 On August 21, 2002, Vicki petitioned the County Court at Law No. 2 in Smith County, Texas
for a protective order pursuant to Chapter 85 of the Texas Family Code. On September 9, 2002,
following a hearing, the trial court granted Vicki's petition. The protective order (the "order")
entered by the court includes a finding that family violence had occurred and was likely to occur in
the future. Tex. Fam. Code Ann. § 85.001 (Vernon 2002). Additionally, the order prohibits Dan
from (1) committing family violence; (2) removing the couple's minor child, K.S.L.-C., from Vicki's
possession; (3) communicating directly with Vicki or K.S.L.-C. in a threatening or harassing manner;
(4) communicating a threat through any person to Vicki or K.S.L.-C.; (5) communicating with Vicki
or K.S.L.-C. except through Vicki's attorney; (6) going near or to the residences or places of
employment or business of Vicki or K.S.L.-C.; (7) going near or to the residences, child care
facilities or schools where K.S.L.-C. can be found; (8) engaging in conduct toward Vicki or K.S.L.-C. that is likely to harass, annoy, alarm, abuse, torment, or embarrass them; (9) transferring,
encumbering or disposing of mutually owned or leased property except in the ordinary course of
business; and (10) possessing a firearm or ammunition. The order also requires Dan to attend a
battering intervention and prevention program and expressly suspends his license to carry a
concealed handgun. Other provisions of the order relate to possession, child support, and the
payment of costs and expenses. Dan appealed the order after a subsequent modification and the
entry of an order of enforcement and contempt.

 On May 6, 2003, Vicki filed a motion to dismiss this appeal. In her motion, she contends that
a protective order entered while a divorce is pending is not a final appealable order and therefore this
court does not have jurisdiction to consider the merits of Dan's appeal. Specifically, Vicki contends
that the protective order does not dispose of all parties and issues because no final decree of divorce
has been entered. Dan, on the other hand, contends that a protective order entered during the
pendency of a divorce proceeding, in a court other than where the divorce is pending, is a final
appealable order.


Analysis


 Appellate courts have jurisdiction over appeals from final judgments and specific types of
interlocutory orders designated by the legislature as appealable. Lehmann v. Har-Con Corp., 39
S.W.3d 191, 195 (Tex. 2001); see, e.g., Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (Vernon
Supp. 2003). A judgment is final and appealable if it disposes of all parties and all issues. 
Lehmann, 39 S.W.2d at 195. An order that does not dispose of all parties and all issues in the case
must be classified, for purposes of appeal, as an unappealable interlocutory order. Ruiz v. Ruiz, 946
S.W.2d 123, 124 (Tex. App.-El Paso 1997, no pet.). Without affirmative statutory authority to hear
an interlocutory appeal, this court is without jurisdiction. Id.

 A number of appellate courts have considered whether a family violence protective order is
a final appealable order and have reached differing conclusions on the issue. However, we find only
two cases in which the challenged protective order was entered during the pendency of a divorce
proceeding rather than in an independent action where the court's order disposed of all issues
between the parties. In Ruiz v. Ruiz, a divorce proceeding was consolidated with a pending
protective order proceeding. The court subsequently granted a protective order, which was appealed. 
After concluding that an order appointing a receiver was the only type of temporary order that would
be appealable under the facts presented, the court dismissed the appeal for lack of jurisdiction. Ruiz,
946 S.W.2d at 124. In the case at hand, the protective order and the divorce action have not been
consolidated. Therefore, Ruiz is factually distinguishable. 

 The Austin court of appeals has considered whether a family violence protective order is a
final appealable order where the protective order is issued by one court and a divorce proceeding is
pending in another. Bilyeu v. Bilyeu, 86 S.W.3d 278 (Tex. App.-Austin 2002, no pet.). In
addressing the issue, the court discussed the Family Code provisions dealing with protective orders
generally, as well as other courts' determinations of whether these orders are appealable. Id. at 280-81. The court also noted that, in Ruiz, the pending divorce proceeding and the protective order
proceeding had been consolidated prior to the entry of the challenged order. Id. However, the court
concluded that factual distinction made no difference in the analysis. Id. 

 Relying on Ruiz, the court reasoned that under the Family Code's statutory scheme for
protective orders rendered during the pendency of a divorce proceeding, either the court that renders
the protective order or the court to which the protective order may be transferred has the power to
modify the terms and conditions of the order throughout its existence. Id.; Tex. Fam. Code Ann. 
§§ 85.065(c), 87.001 (Vernon 2002). However, unlike other modification actions in the family law
context, motions to modify protective orders have not been legislatively designated as "new suits,"
thereby making the original orders and the modification orders final and appealable. Id. Further,
neither the Texas Supreme Court nor the legislature has declared that protective orders entered
during the pendency of a divorce are final appealable orders. Therefore, the Austin court held that
a protective order rendered during the pendency of a divorce is not a final judgment for purposes of
appeal. Id. at 282. 

 We agree with the reasoning in Bilyeu. Consequently, we hold that the protective order Dan
seeks to appeal is not a final appealable order. Therefore, we are without jurisdiction to review the
order. Accordingly, Vicki's motion to dismiss the appeal for want of jurisdiction is granted, and the
appeal is dismissed for want of jurisdiction.



 JAMES T. WORTHEN 

 Chief Justice



Opinion delivered May 21, 2003.

Panel consisted of Worthen, C.J. and Griffith, J.


































(PUBLISH)