Becker v. State






COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

)
JOHN FOX,                                                      )                  No. 08-04-00361-CV
)
                                    Appellant,                        )                             Appeal from
)
v.                                                                          )                  327th District Court
)
JOE WARDY, MAYOR, SUSAN AUSTIN,      )                  of El Paso County, Texas
JOSE A. LOZANO, JOHN F. COOK,                )
DANIEL S. POWER, PAUL J. ESCOBAR,       )                  (TC# 2003-4511)
VIVIAN ROJAS, and                                          )
ANTHONY W. COBOS,                                    )
)
                                    Appellees.                        )

O P I N I O N

            John Fox appeals from an order transferring the case from the 171st District Court to the
327th District Court. We dismiss the appeal for want of jurisdiction. 
FACTUAL SUMMARY
            Fox has filed several suits related to the condemnation of an apartment complex owned by
him. In this case, Fox filed a negligence suit in cause number 2003-4511 (171st District Court)
against the mayor and members of the city council. The 171st District Court entered an order
transferring the case to the 327th District Court with the consent of the judge of that court. Fox filed
a notice of appeal stating his intent to appeal the transfer order. On appeal, Fox raises a single issue
challenging the transfer order.
INTERLOCUTORY APPEAL
            Appellate courts generally have jurisdiction over final judgments and such interlocutory
orders as the legislature deems appealable. Tex.Civ.Prac.&Rem.Code Ann. § 51.012 (Vernon
1997) and § 51.014 (Vernon Supp. 2004-05); Ruiz v. Ruiz, 946 S.W.2d 123, 124 (Tex.App.--El Paso
1997, no writ). A judgment is final and appealable if it disposes of all parties and all issues. Ruiz,
946 S.W.2d at 124. Section 51.014 of the Civil Practice and Remedies Code authorizes an
interlocutory appeal in the following instances: (1) appointment of a receiver or a trustee; (2) 
overruling a motion to vacate an order that appoints a receiver or a trustee; (3) certification or refusal
to certify a class; (4) granting or refusing to grant a temporary injunction or overruling a motion to
dissolve a temporary injunction; (5) denial of a motion for summary judgment that is based on an
assertion of immunity by an individual who is an officer or employee of the state, or a political
subdivision of the state; (6) denial of a motion for summary judgment based in whole or in part on
a claim against or defense by a member of the electronic or print media that arises under the First
Amendment to the United States Constitution, Article I, § 8 of the Texas Constitution, or Chapter 73
of the Civil Practice and Remedies Code; (7) granting or denying a special appearance under Rule
120a except in a suit brought under the Family Code; (8) granting or denying a plea to the
jurisdiction by a governmental unit; (9) denying all or part of the relief sought by a motion under
Section 74.351(b); and (10) granting relief sought by a motion under Section 74.351(l). Tex.Civ.
Prac.&Rem.Code Ann. § 51.014(a). 
            The trial court has not entered a final judgment. Further, Section 51.014 does not authorize
the interlocutory appeal of a transfer order. Therefore, we dismiss this interlocutory appeal for want
of jurisdiction.

July 28, 2005                                                               
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Panel No. 5
Barajas, C.J., McClure, and Parks, JJ.
Parks, J. (sitting by assignment)