Form: Dismiss TRAP 42.3



COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS



KRISTOFER THOMAS KASTNER,


 Appellant,

v.


MARTIN, DROUGHT AND TORRES,
INC., GERALD T. DROUGHT,
ATTORNEY AT LAW, AND DAIN A.
DREYER, ATTORNEY AT LAW,


 Appellees.

§



§


§


§


§


§

No. 08-07-00105-CV


Appeal from the


224th Judicial District


of Bexar County, Texas


(TC# 2006-CI-13335)


 M E M O R A N D U M O P I N I O N



 Pending before the Court is Appellees' motion to dismiss the appeal on the ground that
the trial court's judgment is not final. We grant Appellees' motion and dismiss the appeal.

 Appellant filed three separate notices of appeal to the Fourth Court of Appeals,
purporting to appeal apparent rulings on discovery matters entered by the trial court. Appellees
filed a Motion to Dismiss Appeal arguing that the appeal was frivolous as it is attempting to
appeal that which is not a final and appealable order and that the trial court had already ruled to
that effect in denying Appellant a free appellate record.

 Appellant also filed an Emergency Motion to Stay Judgment Pending Appeal which was
denied by the Fourth Court of Appeals. He then filed an Addendum to Plaintiff's Request for
Stay of Judgment Pending Appeal and a second Motion for Stay of Judgment Pending Appeal.
This case was transferred from the Fourth Court of Appeals to us on April 9, 2007.

 On April 13, 2007, Appellant's cause in the trial court was dismissed pursuant to a 

no-evidence summary judgment motion filed by Appellees. Appellant appealed that order to the
Fourth Court of Appeals. Subsequently, Appellant filed a Motion for Stay of Order Pending
Appeal of Dismissal Based on No-Evidence Summary Judgment Grounds. Appellees filed
another Motion to Dismiss Appeals for Lack of Jurisdiction and As Moot.

 The February 27, 2007 Order from which Appellant wishes to appeal is an order denying
Plaintiff's Motion to Compel Discovery and for Discovery Sanctions and Plaintiff's Motion in
Limine. The March 6, 2006 Order Appellant attempts to appeal denies Plaintiff's Motion for
Protection, Objection, and to Quash Defendant's Subpoena for and Deposition on records of
Texas Board of Law Examiners Licensure Case of Kristofer Thomas Kastner. The March 22,
2007 Order denies Plaintiff's Second Motion to Compel Discovery and for Discovery Sanctions
and Request to Modify February 27 Order.

 Appellate courts generally have jurisdiction over final judgments and such interlocutory
orders as the legislature deems appealable. Tex.Civ.Prac.&Rem.Code Ann. § 51.012 (Vernon
1997) and § 51.014 (Vernon Supp. 2006); Ruiz v. Ruiz, 946 S.W.2d 123, 124 (Tex.App.--El Paso
1997, no writ). It appears that none of the rulings about which Appellant complains are final
judgments. Appellant does not point us to any statutory authority that would allow us to consider
this matter as an interlocutory appeal. Accordingly, we grant Appellees' Motion to Dismiss
Appeal for Lack of Jurisdiction and as Moot and dismiss the appeal for lack of jurisdiction.

 Because there is no appealable order and/or judgment, we dismiss the appeal for want of
jurisdiction. Appellant's pending motions to stay the trial court's orders and Appellees' first
Motion to Dismiss are denied as moot.



July 5, 2007

 DAVID WELLINGTON CHEW, Chief Justice


Before Chew, C.J., McClure, and Carr, JJ.