COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS



LILIA BELTRAN,


 Appellant,


v.


RAYMUNDO BELTRAN, JR.,


 Appellee.
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-07-00236-CV
 


Appeal from the


65th District Court 


of El Paso County, Texas 


(TC# 2004CM4522) 


MEMORANDUM OPINION


 Pending before the Court is Appellee's motion to dismiss this appeal for lack of jurisdiction. 
Raymundo Beltran, Jr. argues that this Court does not have jurisdiction to consider Lilia Beltran's
appeal, because it is based on an interlocutory declaratory judgment. Finding that the declaratory
judgment has not been severed from the underlying divorce action, and that no final divorce decree
has been entered, we agree that the declaratory judgment is interlocutory and will dismiss the appeal
for want of jurisdiction.

 This case began as a divorce action. Raymundo Beltran, Jr. filed an original petition for
divorce from Lilia Beltran on July 16, 2004. Julian Beltran is the minor child of Raymundo and
Lilian Beltran. During the divorce proceedings, a plea in intervention was filed on Julian's behalf
asking the trial court to enter a judgment declaring that one-half of Beltcon Construction, Inc.,
belonged solely to Julian, and was not community property subject to division in the divorce. The
trial court entered a declaratory judgment in Julian's favor on July 13, 2007, finding that one-half
of the business had been transferred to Julian in 1991, and that the interest had been held in trust by
Raymundo since the transfer. The judgment also states that the court's decision disposes of several
other causes of action pleaded by Lilia Beltran alleging that Raymundo Beltran, Jr. had defrauded
and conspired against the community estate by transferring shares of Beltcon Construction to Julian. 
Following the declaratory judgment, Raymundo and Lilia entered into a mediated settlement
agreement regarding the property division and child custody and support. However, the record does
not contain a final divorce decree, and there is no record that the declaratory judgment has been
severed from the divorce action.

 Appellate courts generally have jurisdiction over final judgments and such interlocutory
orders as the legislature deems appealable. See Tex. Civ. Prac. & Rem. Code Ann. § 51.012 and
§ 51.014; Ruiz v. Ruiz, 946 S.W.2d 123, 124 (Tex. App.--El Paso 1997, no writ). Given that the trial
court has not yet entered a final decree of divorce in this case, the declaratory judgment from which
Lilia Beltran has attempted to appeal, is an interlocutory order. See Tex. Fam. Code Ann. § 7.001
(requiring that a decree of divorce include a just and right division of the community estate); Tex.
Fam. Code Ann. § 7.006(b) (if court determines that terms of settlement agreement are just and
right court is bound by terms of agreement and may set forth agreement in full or incorporate
agreement by reference in final decree of divorce). We are unaware of a statutory provision
providing us with jurisdiction to consider such an appeal. Therefore, Appellee's motion is granted,
and we dismiss the appeal for lack of jurisdiction.


 KENNETH R. CARR, Justice


October 11, 2007


Before Chew, C.J., McClure, and Carr, JJ.