COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-09-136-CV

 

 

IN THE INTEREST OF
B.F.G., B.K.G. 

AND B.M.G., MINOR
CHILDREN

 

 

                                              ------------

 

             FROM THE 235TH
DISTRICT COURT OF COOKE COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

Appellant Michelle G. attempts to appeal the
trial court=s April 28, 2009 AInterlocutory
Order of Termination of Respondent Michelle [G.]=s
Parental Rights.@ 
We will dismiss for want of jurisdiction.  








The order Michelle appeals from terminates her
parental rights to three of her children, B.F.G., B.K.G., and B.M.G.[2]  The order does not terminate Michelle=s
parental rights to a fourth child, M.A.B., who is identified in the order=s style
and in other documents in the record. 
The order also does not terminate the parental rights to the children of
the two presumed fathers identified in the order, Charles G. and Michael B.








On May 18, 2009, we sent Michelle=s
counsel a letter stating our concern that we may not have jurisdiction over the
appeal because the order she appeals from is not a final, appealable order and,
thus, not a final judgment.  We indicated
that this court would dismiss the appeal if we did not receive a response
showing grounds for continuing the appeal. 
Michelle=s counsel responded that the
order is a final order as to B.F.G., B.K.G., and B.M.G. because it terminates
Michelle=s
parental rights to those three children; that Michelle=s
parental rights were not terminated as to M.A.B., for whom she Aremains
a Respondent in the proceedings in the trial court@; and
that the parental rights of the presumed fathers, who also Aremain
Respondents in the proceedings in the trial court,@ were
not terminated as to any of the children. 
  On June 4, 2009, we sent a second
letter to Michelle=s counsel stating that the
response did not show grounds for continuing the appeal and that this court
would dismiss the appeal for want of jurisdiction if, within fourteen days from
the date of this letter, neither party furnished the court with a signed copy
of a final order disposing of all the parties and claims in the case or an
order severing the appealed order from the remainder of the case.  We have not received a response.

Appellate courts have jurisdiction over appeals
from final judgments and from specific types of interlocutory orders designated
by the legislature as appealable.  Lehmann
v. Har-Con Corp., 39 S.W.3d 191, 195 (Tex. 2001) (providing general rule
that an appeal may be taken only from a final judgment); see Tex. Civ.
Prac. & Rem. Code Ann. ' 51.014(a)
(Vernon 2008) (listing appealable interlocutory orders).  A judgment is final and appealable if it
disposes of all parties and all issues.  Lehmann,
39 S.W.3d at 195.  An order that does not
dispose of all parties and all issues in the case must be classified, for
purposes of an appeal, as an unappealable interlocutory order.  Ruiz v. Ruiz, 946 S.W.2d 123, 124
(Tex. App.CEl Paso 1997, no pet.).








The order that Michelle complains of is an
unappealable interlocutory order because it does not dispose of Michelle=s
parental rights to M.A.B. nor does it dispose of the presumed fathers=
parental rights to all four of the children. 
See D.R. v. Tex. Dep=t of
Family & Protective Services, 281 S.W.3d 598, 600B02 (Tex.
App.CEl Paso
2008, no pet.) (holding that an order terminating a father=s parental
rights was not final until the order addressing additional parties and children
involved in the case was entered); Ruiz, 946 S.W.2d at 124.  Accordingly, because there is no final
judgment or appealable interlocutory order, we dismiss this appeal for want of
jurisdiction.  See Tex. R. App. P.
42.3(a); 43.2(f).

PER
CURIAM

 

PANEL: 
MEIER, J.; CAYCE, C.J.; and LIVINGSTON, J.

 

DELIVERED:  July 9, 2009











[1]See Tex. R. App. P. 47.4.





[2]The order specifically
identifies only B.F.G., B.K.G., and B.M.G. as the children that are the subject
of the interlocutory order.