

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 2-09-136-CV

IN THE INTEREST OF B.F.G., B.K.G.
AND B.M.G., MINOR CHILDREN

------------

FROM THE 235TH DISTRICT COURT OF COOKE COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Michelle G. attempts to appeal the trial court's April 28, 2009 "Interlocutory Order of Termination of Respondent Michelle [G.]'s Parental Rights." We will dismiss for want of jurisdiction.

The order Michelle appeals from terminates her parental rights to three of her children, B.F.G., B.K.G., and B.M.G.[2] The order does not terminate

---

[1] *See* Tex. R. App. P. 47.4.

[2] The order specifically identifies only B.F.G., B.K.G., and B.M.G. as the children that are the subject of the interlocutory order.

Michelle's parental rights to a fourth child, M.A.B., who is identified in the order's style and in other documents in the record. The order also does not terminate the parental rights to the children of the two presumed fathers identified in the order, Charles G. and Michael B.

On May 18, 2009, we sent Michelle's counsel a letter stating our concern that we may not have jurisdiction over the appeal because the order she appeals from is not a final, appealable order and, thus, not a final judgment. We indicated that this court would dismiss the appeal if we did not receive a response showing grounds for continuing the appeal. Michelle's counsel responded that the order is a final order as to B.F.G., B.K.G., and B.M.G. because it terminates Michelle's parental rights to those three children; that Michelle's parental rights were not terminated as to M.A.B., for whom she "remains a Respondent in the proceedings in the trial court"; and that the parental rights of the presumed fathers, who also "remain Respondents in the proceedings in the trial court," were not terminated as to any of the children.

On June 4, 2009, we sent a second letter to Michelle's counsel stating that the response did not show grounds for continuing the appeal and that this court would dismiss the appeal for want of jurisdiction if, within fourteen days from the date of this letter, neither party furnished the court with a signed copy of a final order disposing of all the parties and claims in the case or an order

2

severing the appealed order from the remainder of the case. We have not received a response.

Appellate courts have jurisdiction over appeals from final judgments and from specific types of interlocutory orders designated by the legislature as appealable. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (providing general rule that an appeal may be taken only from a final judgment); *see* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a) (Vernon 2008) (listing appealable interlocutory orders). A judgment is final and appealable if it disposes of all parties and all issues. *Lehmann*, 39 S.W.3d at 195. An order that does not dispose of all parties and all issues in the case must be classified, for purposes of an appeal, as an unappealable interlocutory order. *Ruiz v. Ruiz*, 946 S.W.2d 123, 124 (Tex. App.—El Paso 1997, no pet.).

The order that Michelle complains of is an unappealable interlocutory order because it does not dispose of Michelle's parental rights to M.A.B. nor does it dispose of the presumed fathers' parental rights to all four of the children. *See D.R. v. Tex. Dep't of Family & Protective Services*, 281 S.W.3d 598, 600–02 (Tex. App.—El Paso 2008, no pet.) (holding that an order terminating a father's parental rights was not final until the order addressing additional parties and children involved in the case was entered); *Ruiz*, 946 S.W.2d at 124. Accordingly, because there is no final judgment or appealable

3

interlocutory order, we dismiss this appeal for want of jurisdiction. *See* Tex.

R. App. P. 42.3(a); 43.2(f).

PER CURIAM

PANEL:  MEIER, J.; CAYCE, C.J.; and LIVINGSTON, J.

DELIVERED:  July 9, 2009

4