

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

NO. 2-10-027-CV

JIANGTAO LI                                                          APPELLANT

V.

BING XIAO                                                            APPELLEE

------------

FROM THE 393RD DISTRICT COURT OF DENTON COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Jiangtao Li attempts to appeal from a document entitled "Temporary Orders" issued in a divorce suit. Because there does not appear to be a final, appealable judgment in the suit and because the trial court clerk has advised this court that the suit remains pending in the trial court, we dismiss the appeal for want of jurisdiction.

---

[1] *See* Tex. R. App. P. 47.4.

The trial court signed the "Temporary Orders" at issue on January 28, 2010. Li filed a pro se notice of appeal the following day. On February 25, 2010, we notified the parties of our concern that this court may not have jurisdiction over the appeal because the "Temporary Orders" did not appear to be an appealable order. We informed the parties that unless Li or any party desiring to continue the appeal filed with the court a response by March 8, 2010, showing grounds for continuing the appeal, this appeal would be dismissed for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 44.3.

We have received no response. Furthermore, from the face of the "Temporary Orders,"[2] and based on the information provided by the trial court clerk to this court, the document is interlocutory and there is currently no final, appealable judgment in this case. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *see also Ruiz v. Ruiz*, 946 S.W.2d 123, 124 (Tex. App.—El Paso 1997, no writ) (stating that an order that does not dispose of all parties and issues in the case must be classified, for purposes of appeal, as an interlocutory order). Without affirmative statutory authority to hear an interlocutory appeal, this court is without jurisdiction. *See, e.g.*, Tex. Civ. Prac.

---

[2] The "Temporary Orders" require, among other things, that the parties "shall each deliver to opposing counsel a sworn inventory and appraisement of all the separate and community property owned by the parties" by January 29, 2010, and appoint an amicus attorney for the parties' children.

& Rem. Code Ann. § 51.014 (Vernon 2008) (setting out interlocutory appeal exceptions); *Ruiz*, 946 S.W.2d at 124; *see also Kiefer v. Kiefer*, 132 S.W.3d 601, 602 (Tex. App.—Fort Worth 2004, no pet.) (holding that protective order rendered during the pendency of a divorce was not a final, appealable order).

Accordingly, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

PER CURIAM

PANEL:  MCCOY, LIVINGSTON, and MEIER, JJ.

DELIVERED: March 25, 2010

3