

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-10-016-CV

BRENTWOOD APARTMENTS
AT FORT WORTH, A SERIES
OF WESTMOORE INCOME
PROPERTIES, LLC; MATTHEW
R. JENNINGS; ROBERT L.
JENNINGS; AND WESTMOORE
HOLDINGS, INC.

APPELLANTS

V.

BUILDERS BANK, AN ILLINOIS
BANKING CORPORATION

APPELLEE

------------

FROM THE 17TH DISTRICT COURT OF TARRANT COUNTY

------------

### MEMORANDUM OPINION[1]

------------

Appellants Brentwood Apartments at Fort Worth, a Series of Westmoore

Income Properties, LLC; Matthew R. Jennings; Robert L. Jennings; and

---

[1] *See* Tex. R. App. P. 47.4.

Westmoore Holdings, Inc. attempt to appeal a default judgment entered in favor of Appellee Builders Bank, an Illinois Banking Corporation. The default judgment signed on September 22, 2009, states that it "disposes of all issues and parties in this case and is final for purposes of appeal," but the judgment does not identify Defendant Darin Feinstein as one of the defendants who defaulted, nor does it otherwise dispose of claims against Feinstein therein. Further, the trial court signed an "Order Removing Case From Active Docket Due To Bankruptcy" on December 11, 2009, over two months after the trial court signed the default judgment in favor of Appellee, stating that the trial court had "received notice that Darin Feinstein has filed for" bankruptcy protection. The order provides that it "shall not operate as a dismissal of this case and that this Court retains jurisdiction for all purposes."

On January 28, 2010, we notified Appellants that we were concerned that this court may not have jurisdiction over this appeal because the judgment does not appear to dispose of all parties in the case and does not appear to be a final order or an appealable interlocutory order. We stated that the appeal would be dismissed for want of jurisdiction unless Appellants or any party desiring to continue the appeal filed a response showing grounds for continuing the appeal on or before February 8, 2010. *See* Tex. R. App. P. 42.3(a). We have not received a response.

Appellate courts have jurisdiction over appeals from final judgments and from specific types of interlocutory orders designated by the legislature as appealable. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (providing general rule that an appeal may be taken only from a final judgment); *see* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a) (Vernon 2008) (listing appealable interlocutory orders). A judgment is final and appealable if it disposes of all parties and all issues. *Lehmann*, 39 S.W.3d at 195. An order that does not dispose of all parties and all issues in the case must be classified, for purposes of an appeal, as an unappealable interlocutory order. *Ruiz v. Ruiz*, 946 S.W.2d 123, 124 (Tex. App.—El Paso 1997, no writ).

The trial court has not entered a severance order in this case. The default judgment that Appellants attempt to appeal is an unappealable interlocutory order. Because there is no final judgment or appealable interlocutory order, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

PER CURIAM

PANEL: MEIER, LIVINGSTON, and DAUPHINOT, JJ.

DELIVERED: April 1, 2010

3