COURT OF APPEALS

                                                 SECOND
DISTRICT OF TEXAS

                                                                FORT
WORTH

 

 

                                        NO.
2-10-016-CV

 

 

BRENTWOOD APARTMENTS                                               APPELLANTS

AT FORT WORTH, A SERIES

OF WESTMOORE INCOME

PROPERTIES, LLC; MATTHEW

R. JENNINGS; ROBERT L.

JENNINGS; AND WESTMOORE

HOLDINGS, INC.

 

                                                   V.

 

BUILDERS BANK, AN ILLINOIS                                                  APPELLEE

BANKING CORPORATION

                                              ------------

 

            FROM
THE 17TH DISTRICT COURT OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








Appellants
Brentwood Apartments at Fort Worth, a Series of Westmoore Income Properties,
LLC; Matthew R. Jennings; Robert L. Jennings; and Westmoore Holdings, Inc.
attempt to appeal a default judgment entered in favor of Appellee Builders
Bank, an Illinois Banking Corporation. 
The default judgment signed on September 22, 2009, states that it Adisposes
of all issues and parties in this case and is final for purposes of appeal,@ but the
judgment does not identify Defendant Darin Feinstein as one of the defendants
who defaulted, nor does it otherwise dispose of claims against Feinstein
therein. Further, the trial court signed an AOrder
Removing Case From Active Docket Due To Bankruptcy@ on
December 11, 2009, over two months after the trial court signed the default
judgment in favor of Appellee, stating that the trial court had Areceived
notice that Darin Feinstein has filed for@
bankruptcy protection.  The order
provides that it Ashall not operate as a dismissal
of this case and that this Court retains jurisdiction for all purposes.@

On
January 28, 2010, we notified Appellants that we were concerned that this court
may not have jurisdiction over this appeal because the judgment does not appear
to dispose of all parties in the case and does not appear to be a final order
or an appealable interlocutory order.  We
stated that the appeal would be dismissed for want of jurisdiction unless
Appellants or any party desiring to continue the appeal filed a response showing
grounds for continuing the appeal on or before February 8, 2010.  See Tex. R. App. P. 42.3(a).  We have not received a response.








Appellate
courts have jurisdiction over appeals from final judgments and from specific
types of interlocutory orders designated by the legislature as appealable.  Lehmann v. Har-Con Corp., 39 S.W.3d
191, 195 (Tex. 2001) (providing general rule that an appeal may be taken only
from a final judgment); see Tex. Civ. Prac. & Rem. Code Ann. ' 51.014(a)
(Vernon 2008) (listing appealable interlocutory orders).  A judgment is final and appealable if it
disposes of all parties and all issues.  Lehmann,
39 S.W.3d at 195.  An order that does not
dispose of all parties and all issues in the case must be classified, for
purposes of an appeal, as an unappealable interlocutory order.  Ruiz v. Ruiz, 946 S.W.2d 123, 124
(Tex. App.CEl Paso 1997, no writ).

The
trial court has not entered a severance order in this case.  The default judgment that Appellants attempt
to appeal is an unappealable interlocutory order.  Because there is no final judgment or
appealable interlocutory order, we dismiss the appeal for want of
jurisdiction.  See Tex. R. App. P.
42.3(a), 43.2(f).

 

PER CURIAM

 

PANEL:  MEIER, LIVINGSTON, and
DAUPHINOT, JJ.

 

DELIVERED:  April 1, 2010











[1]See Tex. R. App. P. 47.4.