COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-10-132-CV

JIANGTAO LI APPELLANT

V.

BING XIAO APPELLEE

------------

FROM THE 393RD DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Jiangtao Li attempts to appeal from a document entitled “Temporary Orders” and one entitled “Amended Temporary Orders,” both issued in a divorce suit.  
Because there does not appear to be a final, appealable judgment in the suit, we dismiss the appeal for want of jurisdiction.
 

The trial court signed the “Temporary Orders” at issue on January 28, 2010.  Li filed a pro se notice of appeal the following day.  On February 25, 2010, we 
notified 
the parties of our concern that this court may not have jurisdiction over the appeal because the “Temporary Orders” did not appear to be an appealable order.  We informed the parties that 
unless Li or any party desiring to continue the appeal filed with the court a response by March 8, 2010, showing grounds for continuing the appeal, the appeal would be dismissed for want of jurisdiction.  
See 
Tex. R. App. P. 42.3(a), 44.3.  
No response was filed, and on March 25, 2010, we dismissed the appeal for want of jurisdiction.  
Li v. Xiao
, No. 02-10-00027-CV, 2010 WL 1137027, at *1 (Tex. App.—Fort Worth Mar. 25, 2010, no pet.).

  On March 30, 2010, the trial court signed the “Amended Temporary Orders” at issue.  
Li filed a pro se notice of appeal on April 23, 2010, appealing from both the January 28, 2010 “Temporary Orders” and the March 30, 2010 “Amended Temporary Orders.”  We again 
notified 
the parties of our concern that this court may not have jurisdiction over the appeal because the “Temporary Orders” and the “Amended Temporary Orders” did not appear to be appealable orders.  We informed the parties that 
unless Li or any party desiring to continue this appeal filed with the court a response by May 24, 2010, showing grounds for continuing the appeal, this appeal would be dismissed for want of jurisdiction.  
Id
. 
 Li
 filed a response on May 20, 2010, but she failed to show grounds for continuing the appeal.

Moreover, from the faces of the “Temporary Orders” and the “Amended Temporary Orders,” the documents are interlocutory.  
See
 
Lehmann v. Har-Con Corp
., 39 S.W.3d 191, 195 (Tex. 2001); 
see also In re J.W.L.
, 291 S.W.3d 79, 83 (Tex. App.—Fort Worth 2009, orig. proceeding) (“Temporary orders entered in family law cases are not appealable.”); 
Ruiz v. Ruiz
, 946 S.W.2d 123, 124 (Tex. App.—El Paso 1997, no writ)
 (stating that an order that does not dispose of all parties and issues in the case must be classified, for purposes of appeal, as an interlocutory order)
. 
 Without affirmative statutory authority to hear an interlocutory appeal, this court is without jurisdiction.  
See, e.g.
, Tex. Civ. Prac. & Rem. Code Ann. § 51.014 (Vernon 2008) (setting out interlocutory appeal exceptions)
;
 Ruiz
, 946 S.W.2d at 124.  
Accordingly, we dismiss this appeal for want of jurisdiction.  
See 
Tex. R. App. P. 42.3(a), 43.2(f).

PER CURIAM

PANEL:  MCCOY, J.; LIVINGSTON, C.J.; and MEIER, J.

DELIVERED:
 June 24, 2010

FOOTNOTES
1:
See 
Tex. R. App. P. 47.4.