NO. 07-10-00370-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL D

 



APRIL
7, 2011

 



 

IN THE INTEREST OF J.D.O., JR., A CHILD



 



 

 FROM THE 320TH DISTRICT COURT OF POTTER
COUNTY;

 

NO. 74,608-D; HONORABLE DON R. EMERSON, JUDGE



 



 

Before QUINN,
C.J., and CAMPBELL and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

Appellant Ja’Mario Oliver has filed
a motion to dismiss his appeal. Tex. R. App. P. 42.1(a)(1).  No decision of this Court having been
delivered to date, we grant the motion and dismiss the appeal. Id.  All
costs herein having been paid, no order pertaining to the costs is made.  No motion for rehearing from appellant will
be entertained and our mandate will issue forthwith.

 

                                                                                                James
T. Campbell

                                                                                                            Justice

 

            








 






o this court of the June 1 case
has not been filed.  Indeed, ClayTex offers nothing demonstrating the June 1 case has
produced a final, appealable judgment or an interlocutory order made appealable
by statute.  Moreover, Clay County is
located in the Second Court of Appeals District and no order from the Supreme Court
of Texas transferring the June 1 case to this court is presented.[1]  Tex. Gov’t
Code Ann. § 22.201(c) (Vernon 2004).

In a civil case, appeal is perfected
by timely filing a notice of appeal.  Cadzow v. Wells Fargo Banks, N.A.,
No. 07-09-0330-CV 2009 Tex. App. Lexis 9237, at *1 (Tex.App.--Amarillo
Nov. 30, 2009) (mem. op.) (citing
Tex. R. App. P. 25.1(a)).  We have
limited appellate jurisdiction “over final judgments and such interlocutory
orders as the legislature deems appealable.” 
Ruiz v. Ruiz,
946 S.W.2d 123, 124 (Tex.App.--El Paso 1997, no writ)
(per curiam). 
Our appellate jurisdiction is generally limited to cases appealed from
trial courts within our district.  Brooks v. State, No.
07-07-0505-CR, 2008 Tex. App. Lexis 629, at *2 (Tex.App.--Amarillo
Jan. 30, 2008, no pet.) (mem. op., not designated for publication).  “Only the Supreme Court is authorized to
transfer appellate cases.”  Miles v. Ford Motor Co.,
914 S.W.2d 135, 137 (Tex. 1995) (per curiam); Tex. Gov’t Code Ann. § 73.001 (Vernon 2005).

Because no perfected appeal of a final
judgment or appealable interlocutory order from the June 1 case is before us
and because the June 1 case was filed in a trial court outside our appellate
district and no transfer order is of record, we are without jurisdiction to
consider the merits of ClayTex’s motion.  Accordingly, we dismiss the motion. 

            It is so ordered.

Per Curiam

 











[1]  The present
appeal was transferred to this court by docket equalization order of the
Supreme Court of Texas.