COURT OF
APPEALS

                                                   EIGHTH DISTRICT OF
TEXAS

                                                              EL
PASO, TEXAS

 


 
 
  
  
 GLAZER’S WHOLESALE DRUG 
 COMPANY, INC.
  
                                    
 Appellant,
  
 v.
  
 ALBERTO ONTIVEROS-NIETO,
  
                                     Appellee.
 
  
 
 
  
 '
    
 '
    
 '
    
 '
    
 '
  
 '
 
 
  
  
                   No. 08-11-00376-CV
  
                          Appeal from
  
  120th District Court
  
 of El Paso County,
 Texas
  
 (TC # 2009-3424)
 
 
 
 
  
  
 
 
  
  
 
 
  
  
 
 


                                                     MEMORANDUM
OPINION

 

This
appeal is before the court on its own motion for determination of whether it
should be dismissed for want of jurisdiction. 
Appellate courts generally have jurisdiction over final judgments, and
such interlocutory orders as the Legislature deems appealable by statute.  See Tex.Civ.Prac.&Rem.Code Ann. § 51.012
and § 51.014 (West Supp. 2011); Ruiz v.
Ruiz, 946 S.W.2d 123, 124 (Tex.App.--El Paso 1997, no pet.).  Glazer’s Wholesale Drug Company, Inc. is
attempting to bring a permissive interlocutory appeal pursuant to Section
51.014(d) of the Texas Civil Practice and Remedies Code as amended in
2011.  Tex.Civ.Prac.&Rem.Code
Ann. § 51.014(d).  The amended
version of the statute does not apply to cases filed in the trial court before
September 1, 2011.  Acts 2011, 82nd Leg.,
ch. 203, § 6.01; see Tex.R.App.P. 28.3 cmt.  A civil action commenced before September 1,
2011 is governed by the law in effect immediately before the effective date of
the amended statute.  Under the former
version of Section 51.014(d), the record must reflect that (1) the parties
agree that the order involves a controlling question of law as to which there
is a substantial ground for difference of opinion; (2) an immediate appeal from
the order may materially advance the ultimate termination of the litigation;
and (3)  the parties agree to the
order.  Acts 2005, 79th Leg., R.S., ch.
1051, § 1, 2005 Tex.Gen.Laws 3512.
 The trial court’s order does not reflect
that the parties agreed that the order being appealed involved a controlling
question of law or that the parties agreed to the order.  We previously informed Glazer of our intent
to dismiss the appeal for want of jurisdiction and provided an opportunity for
Glazer to respond, but we have received no response.  Accordingly, we dismiss the appeal for want
of jurisdiction.

 

 

February 8, 2012                                 ________________________________________________

ANN CRAWFORD
McCLURE, Chief Justice

 

 

Before McClure, C.J., Rivera, and Antcliff, JJ.