

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-12-00522-CV

IN THE INTEREST OF F.M.-T. AND
E.M.

----------

FROM THE 323RD DISTRICT COURT OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

On December 26, 2012, Appellant K.M. filed a notice of appeal appealing the trial court's December 17, 2012 order terminating her parental rights to her children F.M.-T. and E.M. The order also terminated the rights of F.M.-T.'s alleged biological father, F.M., to F.M.-T. The order did not address the parental rights of the presumed father of E.M., R.M. Appellee Department of Family and Protective Services filed a motion to dismiss for want of jurisdiction, arguing that

---

[1]*See* Tex. R. App. P. 47.4.

the trial court's order was interlocutory because it did not address R.M.'s parental rights. Appellant did not file a response to the Department's motion.

Appellate courts have jurisdiction over appeals from final judgments and from specific types of interlocutory orders designated by the legislature as appealable. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) (providing general rule that an appeal may be taken only from a final judgment). A judgment is final and appealable if it disposes of all parties and all issues. *Id.* An order that does not dispose of all parties and all issues in the case must be classified, for purposes of an appeal, as an unappealable interlocutory order. *Ruiz v. Ruiz*, 946 S.W.2d 123, 124 (Tex. App.—El Paso 1997, no pet.).

The order in this case, entitled "Interlocutory Order of Termination," does not dispose of all parties and issues in this case. Specifically, it does not dispose of R.M.'s parental rights to E.M. The order is therefore not a final order for purposes of appeal. Accordingly, because there is no final judgment or appealable interlocutory order, we grant the Department's motion and dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a); 43.2(f); *see also In re L.L.F.*, No. 02-11-00154-CV, 2011 WL 4008119, at *1 (Tex. App.—Fort Worth Sept. 8, 2011, no pet.) (mem. op.) (dismissing appeal for want of jurisdiction when trial court's order did not terminate the rights of one of the alleged biological fathers); *In re B.F.G.*, No. 02-09-00136-CV, 2009 WL 1996292, at *1 (Tex. App.—Fort Worth July 9, 2009, no pet.) (mem. op.) (dismissing appeal

2

for want of jurisdiction when trial court's order did not terminate rights of presumed fathers or mother's rights to one of the children).

 

                                    LEE GABRIEL
                                    JUSTICE

PANEL:  LIVINGSTON, C.J.; DAUPHINOT and GABRIEL, JJ.

DELIVERED:  April 4, 2013