

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| G.L.S., | § | No. 08-13-00181-CV |
| Appellant, | § | Appeal from the |
| v. | § | 65th Judicial District Court |
| TEXAS DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES, | § | of El Paso County, Texas |
| Appellee. | § | (TC# 2012DCM09551) |

## MEMORANDUM   OPINION

In this parental-termination case, G.L.S. appeals from the trial court's order denying her motion to set aside her affidavit of voluntary relinquishment.   R.R. and K.N.R., Intervenors and Cross-Petitioners at trial, have moved to abate the appeal or, alternatively, to dismiss it for want of jurisdiction.   Because there is no appealable order in this case, we grant the motion and dismiss the appeal.

It is well settled that appellate courts have jurisdiction over final judgments.   *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001).   A judgment is final if it disposes of all pending parties and claims.   *Id*.   Pursuant to the Texas Family Code, a party may appeal from "a final order" rendered in a suit affecting the parent-child relationship or in a termination proceeding. *See* TEX.FAM.CODE ANN. § 109.002(b)(West Supp. 2012)(suit affecting the parent-child

relationship), TEX.FAM.CODE ANN. § 263.405(a)(West Supp. 2012)(termination proceeding). The Austin Court of Appeals has held that the filing of an affidavit of voluntary relinquishment does not end an involuntary termination proceeding because the trial court must still make a finding that termination is in the child's best interest. *Vallejo v. Tex. Dep't of Family & Protective Servs.*, 280 S.W.3d 917, 919-20 (Tex.App.--Austin 2009, no pet.). It thus stands to reason that an order adjudicating only the merits of an affidavit of voluntary relinquishment does not dispose of all claims and parties in the underlying termination proceedings and is therefore not a final judgment. Because there is no separate order in the record disposing of the underlying termination proceedings, the trial court's order in issue here is interlocutory.

Appellate courts have jurisdiction to consider immediate appeals of interlocutory orders only if a statute explicitly confers appellate jurisdiction. *See Stary v. DeBord*, 967 S.W.2d 352, 352-53 (Tex. 1998); *Ruiz v. Ruiz*, 946 S.W.2d 123, 124 (Tex.App.--El Paso 1997, no pet.); TEX.CIV.PRAC.&REM.CODE ANN. § 51.014 (West Supp. 2012)(authorizing appeals from certain interlocutory orders). There is no statutory provision in the Family Code or elsewhere authorizing an interlocutory appeal from an order denying a motion to set aside an affidavit of voluntary relinquishment. The trial court's order is therefore not reviewable by interlocutory appeal. We thus lack jurisdiction to consider G.L.S.'s appeal. Accordingly, we dismiss the appeal for want of jurisdiction. *See* TEX.R.APP.P. 42.3(a).


August 21, 2013
                                 YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.