COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| LINDA S. RESTREPO AND CARLOS E. RESTREPO D/B/A COLLECTIVELY RDI GLOBAL SERVICES AND R&D INTERNATIONAL, | § § § § | No. 08-14-00288-CV Appeal from the County Court at Law No. 5 |
| Appellants, | § | of El Paso County, Texas |
| v. | § | (TC# 2012DCV04523) |
| | § | |
| ALLIANCE RIGGERS & CONSTRUCTORS, LTD., | § | |
| Appellee. | § | |

## <u>MEMORANDUM OPINION</u>

This appeal is before the Court on its own motion to determine whether the appeal should be dismissed for want of jurisdiction. Appellants' notice of appeal indicates they seek to appeal an order of the trial court refusing to set for a hearing Appellants' motion to declare Alliance Riggers & Constructors, Ltd. to be a vexatious litigant.[1] The basis for the trial court's order is that Alliance Riggers filed a motion to determine that Appellants are vexatious litigants before Appellants filed their motion and that Alliance Riggers' motion had been set for a hearing. On the date Appellants filed the notice of appeal, the Court gave notice of its intent to dismiss the

---

[1] *See* TEX.CIV.PRAC. & REM.CODE ANN. §§11.051, 11.053 (West 2002).

appeal for want of jurisdiction and provided Appellants with an opportunity to show grounds for continuing the appeal. Appellants filed a petition for writ of prohibition in cause number 08-14-00292-CV, styled *In re Linda S. Restrepo and Carlos E. Restrepo, Relators*, but they have not filed a response to our inquiry regarding jurisdiction of this appeal.[2]

It is well settled that appellate courts have jurisdiction over final judgments, and such interlocutory orders as the Legislature deems appealable by statute. *Lehmann v. Har-Con Corporation*, 39 S.W.3d 191, 195 (Tex. 2001); *Ruiz v. Ruiz*, 946 S.W.2d 123, 124 (Tex.App.--El Paso 1997, no pet.); TEX.CIV.PRAC. & REM.CODE ANN. § 51.014 (West Supp. 2014)(authorizing appeals from certain interlocutory orders). It is undisputed that the order Appellants attempt to challenge in this appeal is interlocutory. There is no statutory provision authorizing an appeal from the trial court's order refusing to set Appellants' vexatious litigant motion for a hearing. Accordingly, we dismiss the appeal for want of jurisdiction. *See* TEX.R.APP.P. 42.3(a).


                                        STEVEN L. HUGHES, Justice

November 7, 2014

Before McClure, C.J., Rodriguez, and Hughes, JJ.

---

[2]  The Court has also dismissed the petition for writ of prohibition for want of jurisdiction.