

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-14-00092-CV

_____

IN RE:  THE ESTATE OF BILLY RAY PICKETT, DECEASED

On Appeal from the County Court at Law
Hopkins County, Texas
Trial Court No. P11-13427

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

# MEMORANDUM OPINION

Joe Bill Boyd appeals from the trial court's June 16, 2014, "Order Granting Bill of Review." By letter of December 11, 2014, we notified Boyd that it appeared we lacked jurisdiction over this appeal because the order appealed from is neither a final judgment nor an appealable order. We afforded Boyd ten days to demonstrate proper grounds for our retention of the appeal. Having received no response, we sua sponte consider our jurisdiction over the appeal.

Our jurisdiction is constitutional and statutory in nature. *See* TEX. CONST. art. V, § 6; TEX. GOV'T CODE ANN. § 22.220 (West Supp. 2014). This Court has jurisdiction to decide appeals from final judgments and from interlocutory orders as permitted by the Texas Legislature. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *Ruiz v. Ruiz*, 946 S.W.2d 123, 124 (Tex. App.—El Paso 1997, no writ) (per curiam). The trial court's June 16 order granting a bill of review is not a final judgment; rather, it is an interlocutory order. *See Tesoro Petroleum v. Smith*, 796 S.W.2d 705, 705 (Tex. 1990) (per curiam); *Ponce v. Post*, No. 6-14-00010-CV, 2014 WL 1356684, at *1 (Tex. App.—Texarkana Apr. 14, 2014, no pet.) (mem. op.). "A bill of review which sets aside a prior judgment but does not dispose of all the issues of the case on the merits is interlocutory in nature and not a final judgment appealable to the court of appeals or the supreme court." *Tesoro*, 796 S.W.2d at 705. The judgment from which the appeal is taken in this case is of the same nature as the one addressed in *Tesoro*. It grants a bill of review and orders a new trial. Accordingly, the judgment does not dispose of all issues in the case, is interlocutory, and is not a final, appealable judgment.

2

Accordingly, we dismiss the appeal for want of jurisdiction.


Bailey C. Moseley
Justice

Date Submitted:     January 15, 2015
Date Decided:       January 16, 2015