

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-19-00079-CV

_____

IN THE INTEREST OF N.V.R., D.A.R., AND J.T.R., CHILDREN

On Appeal from the 124th District Court
Gregg County, Texas
Trial Court No. 2007-2400-B

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Stevens

## MEMORANDUM OPINION

William Runnels has attempted to appeal from an order denying his motion to recuse or disqualify the Honorable Alfonso Charles, presiding judge of the 124th Judicial District Court of Gregg County and presiding judge of the Tenth Administrative District, from hearing the case styled *In the Interest of N.V.R., D.A.R., and J.T.R., Children*, trial court cause number 2007-2400-B. The issue before this Court is whether we have jurisdiction to hear the appeal. We conclude that we do not and dismiss the appeal for want of jurisdiction.

Our jurisdiction is constitutional and statutory in nature. *See* TEX. CONST. art. V, § 6; TEX. GOV'T CODE ANN. § 22.220. This Court has jurisdiction to decide appeals from final judgments and from interlocutory orders as permitted by the Texas Legislature. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *Ruiz v. Ruiz*, 946 S.W.2d 123, 124 (Tex. App.—El Paso 1997, no writ) (per curiam). Generally, an interlocutory judgment becomes final when it merges into the final judgment disposing of the entire case. *See Roccaforte v. Jefferson Cty.*, 341 S.W.3d 919, 924 (Tex. 2011). "An order denying a motion to recuse may be reviewed only for abuse of discretion on appeal from the final judgment." TEX. R. CIV. P. 18a. The trial court has not entered a final judgment into which the ruling on Runnels' motion to recuse can merge; consequently, we are presently without jurisdiction to hear this appeal.

By letter of August 27, 2019, we notified Runnels of this potential defect in our jurisdiction and afforded him the opportunity to demonstrate proper grounds for our retention of the appeal. Runnels did not file a response to our letter.

In light of the foregoing, we dismiss the appeal for want of jurisdiction.


Scott E. Stevens
Justice

Date Submitted:       September 25, 2019
Date Decided:        September 26, 2019