

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| ROBERT CROYSDILL, | § | No. 08-19-00242-CV |
| Appellant, | § | Appeal from the |
| v. | § | 34th District Court |
| OLD REPUBLIC INSURANCE COMPANY, | § | of El Paso County, Texas |
| | § | (TC# 2013DCV1136) |
| Appellee. | § | |

## MEMORANDUM OPINION

Robert Croysdill, pro se, is attempting to appeal the trial court's order granting partial summary judgment in favor of Old Republic Insurance Company on his breach of contract claim. We dismiss because the trial court's order is not final for purposes of appeal, and because there is no apparent statutory authorization allowing for review of this interlocutory order.[1]

It is well settled that appellate courts have jurisdiction over final judgments, and such interlocutory orders as the Legislature deems appealable by statute. *Lehmann v. Har–Con Corporation*, 39 S.W.3d 191, 195 (Tex. 2001); *Ruiz v. Ruiz*, 946 S.W.2d 123, 124 (Tex.App.–El

---

[1] This Court previously sent a 10-day dismissal letter asking Appellant to explain this apparent jurisdictional defect. Following Appellant's response, Appellee filed a motion to dismiss for want of jurisdiction.

Paso 1997, no pet.); TEX.CIV.PRAC. & REM.CODE ANN. § 51.014 (authorizing appeals from certain interlocutory orders). An order is not final for purposes of appeal unless it actually disposes of all parties and all claims. *Lehmann*, 39 S.W.3d at 205.

Here, the trial court order being challenged on appeal is not final because it does not dispose of *all* claims pending between the parties. Specifically, the order, captioned "Order Granting in Part Defendant's Motion for Summary Judgment," stated that the trial court *granted* Old Republic's summary judgment as to the breach of contract claim but that it *denied* Old Republic's motion for summary judgment seeking dismissal of Croysdill's judicial review of the November 9, 2012, Decision and Order of the Hearing Officer before the Texas Workers' Compensation Commission. The trial court's order further provides that the "only remaining justiciable issue before this Court for consideration is whether the October 1997 work related injury extended to and caused Plaintiff chronic lumbar radiculitis." Because the trial court's order on its face indicates that a discrete justiciable issue remains pending before the trial court, we conclude that this order is not final for purposes of appeal.

At this stage of litigation, the trial court's order is interlocutory because an unresolved issue remains pending between the parties. This Court cannot entertain interlocutory appeals except as authorized by statute. *Lehmann*, 39 S.W.3d at 195. In his response to the Court's notice of intent to dismiss for want of jurisdiction, Croysdill did not identify a statutory provision that would authorize this Court to engage in interlocutory review of the merits of the breach of contract claim while another claim remains pending in the trial court. We, in turn, have concluded that there is no statutory provision authorizing an appeal from this interlocutory order. *See generally* TEX.CIV.PRAC. & REM.CODE ANN. § 51.014 (main interlocutory appeal statute). Croysdill's notice of appeal is premature at this time.

Once the trial court renders a judgment disposing of *all* claims between the parties, the trial court's order will become appealable. Until then, we lack the jurisdiction to review the merits of the partial summary judgment granted on Croysdill's breach of contract claim. Accordingly, we dismiss this appeal for want of jurisdiction.[2]

GINA M. PALAFOX, Justice

December 9, 2019

Before Alley, C.J., Rodriguez, and Palafox, JJ.

---

[2] Because we dismiss this appeal for want of jurisdiction, all remaining outstanding motions filed by Appellant and Appellee are overruled as moot.