

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-26-00030-CV

_____

TIMOTHY BRENT CLAIBORNE, Appellant

V.

LINDY GORDON, Appellee

On Appeal from the 336th District Court
Fannin County, Texas
Trial Court No. CV-24-47022

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice Rambin

MEMORANDUM OPINION

On October 23, 2025, Appellant, Timothy Brent Claiborne, filed a notice of appeal from the trial court's September 24, 2025, order, which denied Appellant's motion for summary judgment, denied Appellee Lindy Gordon's motion for summary judgment as to the affirmative defense of no contract, and granted Appellee's motion for summary judgment as to Appellant's cause of action for falsely reporting theft of home. For the following reasons, we dismiss this appeal for want of jurisdiction.

Our jurisdiction is constitutional and statutory in nature. *See* TEX. CONST. art. V, § 6; TEX. GOV'T CODE ANN. § 22.220 (Supp.). Unless we are given specific authority over an interlocutory appeal from a particular type of order, we have jurisdiction only over appeals from final judgments. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195–96 (Tex. 2001), *superseded by statute*, *Indus. Specialists, LLC v. Blanchard Refin. Co.*, 652 S.W.3d 11, 14 (Tex. 2022); *Ruiz v. Ruiz*, 946 S.W.2d 123, 124 (Tex. App.—El Paso 1997, no writ) (per curiam). An order denying a summary judgment is generally not appealable because it is an interlocutory order, not a final judgment. *Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 625 (Tex. 1996); *Humphreys v. Caldwell*, 888 S.W.2d 469, 470 (Tex. 1994) (per curiam) (orig. proceeding).

Here, the trial court denied, or denied in part and granted in part, the parties' motions for summary judgment and, therefore, its order did not dispose of all of the parties' claims. Consequently, it is not a final, appealable order or judgment. By letter dated March 16, 2026, we notified Appellant of this potential defect in our jurisdiction and afforded him the opportunity to demonstrate proper grounds for our retention of the appeal. We warned Appellant that if we did

2

not receive an adequate response by March 26, 2026, we would dismiss his appeal. Appellant did not file a response to our letter.

Accordingly, we dismiss this appeal for want of jurisdiction.


Jeff Rambin
Justice

Date Submitted: May 20, 2026
Date Decided: May 21, 2026

3